Jones v. Payne

---

JOHN JONES, plaintiff in error, v. JOHN A. PAYNE et al., defendant in error.

(Atlanta, June Term, 1870.)

1. ARBITRATION AND AWARD—INCAPACITY OF INFANT TO SUBMIT—WANT OF CAPACITY CANNOT BE CURED.— Minors cannot submit their rights to arbitration so as to bind themselves, nor can this want of capacity be cured after the submission by the appointment of a guardian ad litem by the arbitrators, nor even by the Chancellor, unless there be a suit pending to which the minors are parties, and the submission be under an order of the Court.

2. SAME—STATUTORY SUBMISSION—SUBSEQUENT PAROL SUBMISSION—APPELLATE PRACTICE.—To make a good statutory award, the submission under the statute must be in writing and when there was a submission in writing, and the parties, by a subsequent parol agreement, chose a new arbitrator, and submitted a portion of the dispute to him, his judgment, whatever may be its effect as a settlement of the dispute, is not a statutory award, and cannot be put upon the minutes of the Supreme Court as a part of the award under the within submission.

3. SAME—SETTING ASIDE OF AWARD*—CODE MUST BE FOLLOWED—EQUITY JURISDICTION.—Where there was a

---

*ARBITRATION AND AWARD—SETTING ASIDE—OBJECTIONS MUST BE SPECIFIC.—"In Shaifer v. Baker, 38 Ga. 136, we laid down the rule that it is not sufficient to state in general terms

suit pending in Lee county in favor of A, who was a resident of Terrell county, against B, and it was agreed between them that this controversy, as well as another and distinct controversy between A against B, C and D, should be submitted to arbitration, and the award be put upon the minutes of Lee Superior Court, where B and C resided, and A subsequently attempted to have placed on said minutes what he claimed to be an award in reference to the dispute between himself and B, C and D.

*Held,* the award must be resisted according to the provisions of the Code, unless there was some ground for equitable interference to set aside the award; that the want of power in a Court of law to do *anything more than set aside or confirm the award under the statute is not a ground for equitable interference, in order to settle the whole controversy; that the submission of the controversy to arbitration, to be returned to Lee county Superior Court, does not give equity jurisdiction in that county against A, who resides in Terrell, except to set aside the award, and not for that, unless there be some reason why the statutory remedy for resisting the same be insufficient.

Minors.   Arbitration.   Jurisdiction.   Before Judge Clark. Chambers.   Lee county.   September, 1869.

R. L. Payne, of Lee county, Georgia, died testate, leaving a wife, three daughters and two sons. His will provided that his executors should pay his debts and then carry on his · farm for the support and maintenance of his family, with power to control his property and change it as said executors saw proper. It provided that upon the marriage of his wife, or the marriage or majority of either of said children, payment should be made of his or her respective equal share, by drawing out his or her part of the perishable personalty, and receiving in cash his or her part of the realty in cash; thus the first was to take one-fifth of all, the next one-fourth of the remainder, the next one-third, and so on to the end. The payments of cash were to be made by the proceeds of the crops. Nothing was said as to any residuum. His wife and John R. Jones were appointed executors, and the shares of the daughters were to be free from the debts, etc., of their husbands, and Jones was made their trustee to carry out this protective provision.

In December, 1857, Jones had this will probated, qualified alone as executor, and took possession of said farm and the estate. The widow married, and Jones settled with her for her fifth of the perishable personalty, and of the land. Her new husband died and she married Daniel. One of the daughters married Watts, and Jones settled with her for her fourth of the perishable personalty and of the land. In 1867,

that the award is the result of accident, mistake or fraud, or is generally illegal; the affidavit must state such facts of fraud, accident or mistake or designate such illegality that the court may see that a mistake, etc., did, if the statement be true, occur, and that it was material to the issue. * * * The rule so clearly laid down by this court, in the case referred to and substantially reaffirmed in the case of Sharp *v.* Loyless, 39 Ga. 7, and in Jones *v.* Payne, 41 Ga. 23, has not been complied with in this case." Mitchell *v.* Brunswick, 41 Ga. 371. See also, foot-notes to Shaifer *v.* Baker, 38 Ga. 136; Sharp *v.* Loyless, 39 Ga. 7.

John A. Payne, one of said sons, became of age. He and Jones agreed that he, John A., as Jones' agent, should carry on the farm for 1867, for the support and maintenance of himself and his minor brother and sister, for whom it is *stated, Jones was trustee and guardian. (It seems that this alludes to the fiduciary position of Jones under said will only, as it does not appear that he was ever otherwise appointed trustee or guardian.) Under this agreement, John A. Payne took possession of the farm. Jones resided in Terrell county; the other parties herein named, all resided in Lee county.

John A. Payne and Daniel, in right of his wife, filed a bill against Jones, in Terrell county, for an account and settlement. Pending that bill, to-wit: in November, 1867, Jones filed a bill in Lee county, against John A. Payne, averring that he had taken possession of said farm, under said contract, for the purposes aforesaid, and had repudiated his tenancy, and was holding adversely to Jones, selling the crop, etc., and refusing to account to Jones, and because John A., was insolvent, Jones prayed injunction against such sales, and that a Receiver should take possession of the farm and crop. Judge Vason ordered John A. Payne to show cause, on the second Monday in December, 1867, why the prayer of said bill should not be granted.

On the 20th of December, 1867, Jones and John A. Payne, by their respective attorneys, submitted their matters to arbitration. The submission recited the pendency of said two bills, that Jones was willing to resign his executorship and trusteeship, and . . . . . was willing to accept them if it could be done legally and without leaving Jones thereafter accountable therefor, and that all the parties in interest including Joseph B. and Susan A. Payne, the minor children of R. L. Payne, deceased, (to be executed by them hereafter by a guardian ad litem, to be appointed,) agreed or would agree to this submission. It submitted "all the matters in litigation involved in said bills as the question touching the removal" of said Jones, aforesaid, "to the decision, award and decree of David A. Vason," who was clothed with full power and authority "to determine upon such matters of litigation." His determination was to be put upon the minutes of Lee Superior Court, and be as final as if a decree was made in Court. Each party reserved the right to correct *any error of law or fact by bill of exceptions to the Supreme Court. Pending this, Jones was to retain possession of the farm, etc. If Vason found a balance due either side, fi. fa. should be stayed for a time there stated. John A. Payne was to turn over to Jones the crop of 1867, and Jones was to pay him one-third of its net proceeds, and thus they settled that matter in the submission. It ended with an agreement that this submission should in all respects be under the arbitration laws of this State. This submission was signed by Jones and Payne, only, by their respective attorneys.

On the 1st of January, 1868, Vason, as Judge of the Superior Court, appointed Daniel as guardian ad litem, for said minors, as to said bills and submission. And on that day, the attorney for all of said parties, made a supplemental paper, stating that all of the questions in said submission had been agreed upon by the parties, except as to the removal of Jones as aforesaid, and agreed that Vason, as sole arbitrator, should make such order or decree; as to that, as would protect all the parties, that all legal questions should be waived and that "the parties shall settle between themselves the matter of account according to the returns of said executor."

On the same day, Vason accepted the resignation of Jones, and appointed John A. Payne in his stead, upon his giving bond for $15,000 00 for the faithful performance of his trust as to said minors, with right in him to settle with Jones; his receipt was to be a full discharge to Jones. He ordered these proceedings to be spread upon the minutes of Lee Superior Court, (signing them officially as Judge.) All this was done in vacation. In March, 1868, Lee Superior Court was in session, Judge Vason presiding. On the 25th of that month an order was taken, reciting the fact that such submission and award had been made, that, by the agreement of counsel for the parties, said matters of account had been submitted to Thomas M. Jones, as auditor, and that, by his report, it appeared that the state of said deceased owed Jones, executor, $3,179 00, and that notice had been given of this application to amend said award, that said award be *the judgment of said Court, and that Jones, executor, have fi. fas. against the goods of said estate with stay for half of it till January, 1869, and for the other half till January, 1870. The notice alluded to was to John A. Payne alone, and called on him to show cause on the next morning why the award "in said case" should not be amended as aforesaid. And it was "headed" by the case of Payne and Daniel against Jones, and no other.

He answered, (after said order was taken,) objecting that the other parties had no notice, that there was no agreement that the finding of Thomas Jones should be part of said submission or award, that it did not appear how Thomas Jones had reached his conclusion, that he had acted upon the ex parte showing of Jones, executor, and without giving the other parties a hearing, because his balance was incorrect, and because expressly they withdrew the accounting from the submission, and that was and still stood as an open matter. He then moved to set aside said judgment because the other parties had no notice of the motion to amend, because since the judgment was made, he had filed his answer aforesaid, showing cause against it, and because it was passed when neither he nor any of the parties were represented in

Court, his counsel having, without notice to him, abandoned the cause in open Court. The Court refused to set aside the motion then, but granted an order, returnable to the next term, calling on Jones to show cause why it should not be set aside. By the record, said notice to John A. Payne, his answer to said judgment, his motion to set aside and the order for Jones to show cause, were all made on the 25th of March, 1868.

At the next term, (September, 1868,) Jones answered, that the judgment was final, because John A. Payne, as trustee and guardian, had notice of said amendment, was represented by counsel, and because the Court acted upon the report of Thomas Jones, who had been selected as auditor by the counsel of the parties, and who acted with notice to all the parties, because Payne had taken possession of said estate under said award and was bound by it as a totality. Afterwards, *in March, 1869, Daniel and Watts, in right of their respective wives, John A. Payne for himself and "as guardian and next friend for said minors," filed their bill in Lee county against Jones, setting out the foregoing facts, averring that when Jones settled with Daniel's and Watts' wives he failed to account for cash and choses in action, etc., in his hands, as such executor; that so much of the supplemental submission as waived their legal right to compel Jones to account, was done by their attorneys, without authority; that Vason's acceptance of Jones' resignation, etc., was illegal, because done in vacation and without consent of the parties; that John A. Payne's giving bond and acting under said order ought not to conclude him or them, because he did it because of his anxiety to keep possession of the farm, and because he was ignorant of the legal consequences of so doing, he not understanding that he thereby waived the right to make Jones account for his management of said estate; if conclusive in law they said it was obtained without consideration and by reason of the undue influence exercised by Jones in his fiduciary capacity, and therefore was void, especially as against the minors. They averred that said minors were not proper parties to said submission, and were not properly before the arbitrator, and were not bound thereby, because not legally consenting thereto, the guardian ad litem, so appointed, not having power so to bind them. They averred that the order to show cause as to the amendment of the award, was served on John A. Payne when his counsel was away from Court, and was acted upon ("next day"?) before he could get his counsel to Court, and without any notice to the other parties. They contended that the judgment was void because it did not follow the rule nisi served on Payne, in that it covered both cases, whereas the rule nisi applied only to the case in Lee in which Payne alone was interested;

because no notice was served on the other parties; because it made the award the judgment of the Court, instead of simply spreading it on the minutes, subject to exceptions during the term; because the judgment was broader than the submission in so far as it gave said judgments and fi. fas. in *favor of Jones for balance against the estate, they averred that they expressly revoked the consent for Thomas Jones to audit the accounts, and that, if he did so, it was after that revocation, ex parte, and without authority. And by lengthy review of Jones' returns as executor, and his management of said estate, they undertook to demonstrate that he was largely indebted to said estate, specifying how and wherefore. They averred that at the time when said award was entered upon the minutes, they filed their objections thereto, (after said other proceedings,) and that these and the rule against Jones last stated were still pending. Because this litigation could result in nothing but the vacating of said judgment, and because it was right to settle all the matters finally, in one case, they prayed that Jones be enjoined from enforcing said judgment, that it be annulled, that the proceedings be quashed, and that Jones account to all of them for his mismanagement of said estate, etc.

Judge Clark, who succeeded Judge Vason, granted the injunction as prayed for. Jones' counsel moved (at Chambers, by consent,) to dissolve the injunction and dismiss the bill, because, Jones living in Terrell, these matters were not within the jurisdiction of Lee Superior Court, because if the bill for account and settlement, aforesaid, was still pending in Terrell county, that could and would settle the matters; because all the matters in this bill were concluded by said submission and proceedings thereunder, and were res adjudicata; because an award could not be set aside by a Court of Equity, but at law, and there only all these objections to the award could be legally disposed of; because the parties had contracted to use only a writ of error to the Supreme Court to correct any error of Judge Vason, and because John A. Payne did not offer to put Jones in statu quo ante bellum.

The Chancellor refused to dismiss the bill or dissolve the injunction, and that is assigned as error, on said grounds.

Vason & Davis. Wooten & Hawkins, by Lochrane & Clark, for plaintiff in error.

Lyon, DeGraffenreid & Irvin, for defendants.

*[Note.—For the motion to dismiss this writ of error, see the next case post.]

McCAY, J.

1. An infant cannot bind himself, by a submission of his rights to arbitration: Billing on Awards, 34. Nor can he

appoint an agent or attorney to do it: 1 American Leading Cases, 250. The submission is the foundation of an arbitration, a defect in that, a want of capacity in the signer of it to bind himself, cannot be cured by the arbitrators appointing a guardian ad litem. As to the infant, the arbitrators have never been legally chosen, and if they have no power to act, they have none to appoint a prochien ami. Nor do we think this difficulty is cured by the appointment of a guardian by the Chancellor. Had there been a suit pending to which the infants were parties, and were this submission made under the order· of the Court, perhaps the Chancellor might have cured a defect in this way. But there is nothing in this record to show any jurisdiction of the Chancellor over these minors. There was no suit pending in Lee county to give him jurisdiction. It does not even appear from the record that they resided in the Southwestern Circuit, and even if they did, we doubt if a guardian ad litem, appointed after the submission, could cure the radical defect, that the submission was not agreed to by one duly authorized to submit the dispute.

2. The agreement made at Albany disposed of the submission, except as to the single question left to Judge Vason. And though we do not say that the subsequent parol agreement, to take the decision of Mr. Jones, as to the amount the books of the Ordinary showed to be due, would not, if his decision was not a mistake or fraud, bind the adult parties, yet we are clear this was not a statutory award. The law, Section 4167 of the Code, requires a statutory submission to be in writing. Nor can it, with any propriety, be tacked on, as an addendum to the order of Judge Vason, accepting the resignation of the trustee and appointing another.

*3. But these objections to this so-called award, can be made under the motion pending in Lee Superior Court. Even if the paper were a regular statutory award, the party has the whole term at which it was returned to file his objections, or at least until it is too late to take issue on them: Code, Sections 4183 and 4184. We see, therefore, no necessity for the interference of equity. The remedy at law is complete.

4. It has been argued, however, that, inasmuch as at law nothing can be attained but a setting aside of the award, a Court of Equity will take hold of the matter, not only to do this but to make a full decree, settling the rights of the parties. Such a doctrine would set aside the whole policy and effect of the arbitration law. This ground for equitable interference exists in every arbitration under the statute. The Code authorizes an award to be objected to for mistake, fraud or illegality, and it provides a specific mode for determining the issues which may arise, and the verdict. in no event, can be other than one maintaining or setting aside the

award, leaving the original dispute unsettled. Any one dissatisfied with an award, might, on the principle contended for, always get clear of the statutory provisions, since in all cases the remedy at law leaves the dispute unsettled. This would fritter away the whole system, and make every arbitration the mere commencement of a suit in equity. Were there any special circumstances requiring equity to interfere to set aside the award, that Court, having acquired jurisdiction, would doubtless go on to settle the whole dispute. But no such circumstances exist in this case, and we see no reason for the interference of a Court of Equity to do that which can be done just as well by the mode pointed out by the statute.

5. Nor is there such a jurisdiction given to Lee county by the submission, as gives jurisdiction in that county to a bill to set aside the award of Mr. Jones. His decision is not under the submission, and though equity may have, under a proper case made, jurisdiction to set it aside and reinvestigate the matter, yet the mere claim of the executor that it is a statutory award, does not transfer the jurisdiction 32 of the *original dispute from Terrell the residence of Jones, to Lee.

It is not necessary, to defend the proceeding in Lee, to go over and decide the original matter in dispute. The question in Lee is simply award or no award.

Judgment reversed.