JOHN R. MOODY, plaintiff in error, vs. JOHN ELLERBIE, administrator of STEPHEN ROYAL, deceased, defendant in · error.

1. As a general rule, a Court of Equity will not interfere with the regular administration of an estate by the representative; and to authorize such interference, the facts must very clearly show there is a good reason for so doing.

2. If the indebtedness of one be the foundation of the credit given to the other party, and which credit cannot be enforced at law, this may sustain a set-off in Equity.

3. Where a judgment debtor of an estate which is solvent and owes no debts, purchases the share of a distributee of the estate in the debt, and there appears no reason why the representative of the estate should collect said share, except for the purpose of paying back the money to the debtor, equity will restrain the collection of such portion of the judgment, and order the amount credited on the judgment.

Set-off in Equity. Demurrer. Decided by Judge CLARKE. Chambers. ˙ Randolph County. ·October, 1867.

Moody bought of Stephen Royal land lot No. 337, 4th district of Calhoun county, giving him therefor his promissory notes for $375.00 and $700.00 respectively, dated 2d August, 1858, and due 1st January, 1859, and 1st January, 1860, respectively, and at the same time gave Royal a mortgage on the land to secure the payment of the notes.

Stephen Royal died; his son Daniel administered on his estate. He died, and then Ellerbie became the administrator. The notes were not paid, and Ellerbie, as administrator, foreclosed the mortgage, procuring, without opposition, a judgment for about $1,664.00, principal and interest.

George Morgan married one of Stephen Royal's daughters, and was thereby entitled to one-third of Stephen Royal's estate. He transferred his interest in said judgment, in writing, to Hood, on 7th January, 1861; and afterwards, on 9th April, 1863, Hood, in writing, transferred said interest to Moody.

There are no debts against the estate, or if there be any there is sufficient other property to pay them, and therefore there is no necessity for the administrator to sell this land

Moody *vs.* Ellerbie, Adm'r.

under the mortgage *fi. fa.* for the whole debt.  It would work injury to Moody to sell his land for the whole debt, and in equity he is entitled to have the *fi. fa.* credited by the one-third due to him by this transfer.

Upon this state of facts, Moody, by his bill, prayed to set off this third against the said judgment.

Upon demurrer, the Court dismissed the bill.  This is assigned as error.

H. FIELDER, for plaintiff in error.

WEST HARRIS, represented by A. HOOD, for defendant in error.

WALKER, J.

Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done.  Rev. Code, Sec. 3026.  Is not the case here presented such as was contemplated by this section? Are there not peculiar circumstances which entitle this complainant to relief, and would not the operation of the general rules of law be deficient in protecting him from anticipated wrong?  If so, then equity may entertain jurisdiction.

1. As a general rule, Chancery will not interfere with the regular administration of an estate, according to the statutes applicable thereto.  To authorize such interference, the facts must show a very clear case; there must exist a good reason for controlling the administrator, who is proceeding according to law, in the manner of discharging his duties.  Having assumed the execution of the trust, and being responsible for the faithful performance of his duties, in general he should be permitted to collect and pay out the assets of the estate according to the rules prescribed by law.

2. In the performance of his duties, however, it may occur that the rights of parties may require a departure from the ordinary routine; intervening equities, not reached by the

law, may present themselves; or sets-off of an equitable nature may exist or arise, of which Equity may take jurisdiction. Rev. Code, Sec. 3084. "In cases of mutual credit, where there is knowledge on both sides of an existing debt due to one party and a credit by the other party, founded on and trusting to such debt as a means of payment, the law will so apply it." Meriwether vs. Bird, 9th Ga. R., 597; see Ruckersville Bank vs. Hemphill, 7th Ga. R., 413; Jordan vs. Jordan, 12th Ga. R., 87. If the indebtedness of one be the foundation of the credit given to the other party, and which credit cannot be enforced at law, this may sustain a set-off in Equity, ib.; 2 Sto. Eq. Ju. Sec. 1436, 1436 *a.* and notes.

3. Here the administrator has a judgment against the complainant; there are no debts against the estate, and the administrator, when he collects the money on the judgment, must pay it over to the heirs at law, three in number. The complainant is the assignee of one of the heirs at law, and as such entitled to one-third of the money raised on the judgment. Such being the case, why should not this one-third be credited on the judgment? Why should the administrator collect the money out of the complainant merely to pay it back to him again? No good reason was suggested in the argument, and none occurs to us. The complainant is the equitable owner of one-third of the judgment, and asks that his portion may be entered satisfied. If the allegations in the bill be true, this should be done, and the Court should have enjoined the collection of this one-third until a trial may be had, and if there appear no reason to the contrary, have the judgment to that extent satisfied. Should it appear on a trial that the rights of other parties would make a different decree proper, the Court will do what may be equitable under all the facts as they may then appear. Our judgment is based upon the allegations in the bill, which by the demurrer are admitted to be true.

Judgment reversed.