SARAH COLLINS, administratrix, *et al.*, plaintiffs in error, *vs.* JEREMIAH G. STEPHENS, defendant in error.

[JACKSON, Judge, having been of counsel, did not preside in this case.]

Complainant alleged that he held an execution against defendant's intestate; that defendant had caused to be sold by the sheriff certain property under an execution in favor of the estate which she represented; that this property was bid off by one of the heirs as agent for the administratrix, but no part of the purchase money had yet been paid. He prayed that the sheriff be compelled to collect, and the purchaser to pay, the amount of his bid, and that the money be applied to complainant's *fi. fa.*

*Held,* that a demurrer to the bill should have been sustained. Complainant's remedy against the administratrix and her securities, in case she fails to discharge her duty, is ample and complete.

Equity. Levy and Sale. Sheriffs. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1876.

Reported in the decision.

R. F. LYON; J. H. SPENCE, for plaintiffs in error.

D. A. VASON; STROZER & SMITH, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for relief and injunction upon substantially the following statement of facts: that in 1862 the complainant obtained a judgment against one William Collins, then in life, but since dead, for the sum $1,457.99, besides interest; that Sarah Collins, of the county of Thomas, became his administratrix; that she held a *fi. fa.* from Mitchell superior court, belonging to the estate of which she was administratrix as aforesaid, founded upon notes given by one Patillo for two lots of land in Mitchell county; that said execution was levied upon said two lots of land by the sheriff of said county, and sold by him for the sum of $1,025.00, and bid off by one Charles Collins, one of the heirs at law of William Col-

lins, as the agent of said administratrix, for the estate; that complainant placed his *fi. fa.* in the hands of the sheriff to claim the money; that no money has been paid to the sheriff by the purchaser of said land so that his *fi. fa.* can claim it, and that if said administratrix gets possession of said money it will not be applied to the payment of his *fi. fa.*, etc.    To this bill, and the amendments thereto, the defendants demurred.    The court overruled the demurrer, and the defendants excepted.

The sole question made by the bill of exceptions is, did the court err in overruling the defendants' demurrer?    The object and scope of the complainant's bill, as we understand it, is to compel the administratrix of William Collins to force the sheriff of Mitchell county to collect the proceeds of the sale of the land in that county, sold under her *fi. fa.* as administratrix of Collins, against Patillo, and to compel the purchaser of said land to pay the amount of his bid therefor that the same may be applied to the payment of his *fi. fa.* against the intestate, William Collins.    What legal or equitable right the complainant has to interfere in the manner proposed in his bill with the conduct of the administratrix of Collins in collecting the assets of her intestate's estate in the county of Mitchell, for the purpose of having his *fi. fa.* paid out of said assets, even if it had been shown that his claim against the estate was of the highest dignity, is not at all apparent to us.    If the administratrix fails to perform her duty in collecting the assets of her intestate's estate, or wastes the same, to the injury of the creditors thereof, she and her securities on her administration bond are responsible for such injury.    To file a bill on the equity side of the court to compel an administratrix, the sheriff, and the purchaser of property at a sheriff's sale, sold under an execution controlled by the administratrix, to bring into court the proceeds of the sale of that property so as to enable a particular judgment creditor to have the same applied to the payment of his *fi. fa.*, which he had placed in the sheriff's hands to claim the money, would be a novel and extraordinary proceeding in view of

the rights, duties and responsibilities of administrators of intestates' estates—so novel, and so extraordinary, that we reverse the judgment of the court below in overruling the defendants' demurrer to the complainant's bill.

Judgment reversed.