### DUGGAN v. LAMAR, administrator.

Where the administration of an estate has been vested in the clerk of the superior court, a court of equity is not authorized to interfere with him in the conduct thereof, even where it is alleged that he is insolvent and has given no bond, where it also appears that the court of ordinary has full power to protect the complainant against the consequences of the alleged misconduct of such administrator, and that the complainant has not applied to the ordinary for the exercise of such power; and especially is this true where it is doubtful, from the allegations of the petition, whether the plaintiff has any substantial interest whatever, in either a personal or representative capacity, which will be imperiled by such wrongful act if it be committed by the administrator.

Argued June 22, — Decided July 10, 1897.

Petition for injunction, etc. Before Judge Reese. Hancock county. March 11, 1897.

*James A. Harley*, for plaintiff.

*Little & Whitehead, Hunt & Merritt, W. H. Burwell* and *R. H. Lewis*, for defendant.

SIMMONS, C. J. Babcock died, in Hancock county, intestate. Dr. Burt applied for administration on his estate, and the usual citation was run by the ordinary as prescribed by the code. Upon the day designated in the citation for the administrator to be appointed, Burt declined the administration, and, no one else applying, the ordinary, under the code, appointed as administrator Lamar, clerk of the superior court. The estate consisted of about $13,000 worth of personal property,— bonds, money, diamonds, watches, jewelers' tools, etc. Lamar applied to the ordinary for leave to sell this property as prescribed in section 3445 et seq. of the Civil Code. Leave was granted, and, in accordance with the code, Lamar then advertised the property for sale. Whereupon Duggan filed an equitable petition in which he prayed that the sale so advertised be enjoined. He alleged the appointment of Lamar, the latter's insolvency and the fact that he had given no bond, the value of the estate and in what it consisted, that very few of the articles belonging to the estate were perishable, and that the estate, if sold according to the advertisement, would not bring nearly its value, because of the season of the year in which it

was advertised and the short notice given of the sale. He also alleged that he was county school commissioner of the county and was custodian of the school fund, that he was informed and believed that Babcock had no heirs and that the estate should be escheated and paid over to the school fund according to law.

When this petition was presented to the judge, he declined either to grant a rule nisi for Lamar to show cause, or to entertain the petition at all; whereupon Duggan filed his bill of exceptions to this court, for the purpose of reviewing the decision of the court below.

It seems to us that Duggan's remedy, if he had the right to interfere at all in the matter, was to apply to the ordinary who had appointed Lamar, and who, under the code, had full and complete jurisdiction to grant the relief sought in this case. Under section 3373 of the Civil Code, any person interested in an estate, as creditor, distributee or legatee, may go before the ordinary and, upon proper showing made, have any administrator who has not given bond to give one, provided he gives to the ordinary the name of some fit and proper person who is willing to take the administration and to give the bond. If, therefore, Duggan was distributee or was entitled to receive this money, he could have made his application to the ordinary and had a new administrator appointed. Under section 3402, Duggan could have informed the ordinary that the administrator, Lamar, was wasting or mismanaging the estate, or that for any reason he was unfit for the trust reposed in him. It would then have been the duty of the ordinary to have cited Lamar to answer such charge, and in his discretion he might have revoked the letters of administration issued to Lamar, or have passed such other order as, in his judgment, was expedient under the circumstances of the case.

These sections of the code we think give the ordinary full and complete power to have controlled Lamar in his administration of the estate, or to have revoked the order granting leave to sell the property of the estate, if in his opinion the charges against Lamar had been well founded. Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for con-

struction and direction, second for marshalling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests. Civil Code, § 3999. Courts of equity are always reluctant to take the assets of an estate out of the hands of the administrator, and will not interfere at all in any case unless the person applying for such relief shows clearly that there is danger of loss or other injury to his interests. In this case Duggan shows no danger of loss or other injury to him personally, and a very doubtful danger of injury to his interests as representative of the school fund. He does not allege positively that the intestate had no heirs, nor does he show that the property has been or can be escheated to the State. It is true he attempts to have it escheated by certain allegations in his petition, but courts of equity in this State have no power to declare an estate escheated. In order to have an estate escheated to this State, proceedings must be had as provided by the code.

*Judgment affirmed. All the Justices concurring, except Cobb, J., disqualified.*