### COLLINS, administrator, *v.* CARR.

LITTLE, J. 1. A motion to dismiss a writ of error on the ground that the assignments of error are not properly made will not be sustained when the bill of exceptions contains any assignments which are properly made. If, on inspection when the case is being considered, it appears that any assignment has not been properly made, it will not be considered.

2. As a general rule, an injunction will not issue at the instance of an heir at law to restrain an administrator from collecting the assets and rents of the estate which he represents, upon the grounds that he will apply the same to the payment of his individual debts, that he is improvident in the management of the estate, withholds information in regard thereto, and is personally insolvent. In the absence of an allegation to the contrary it will be presumed that the administrator is acting under a bond sufficient to protect the heirs. Whether the facts alleged in support of such grounds as those above indicated would be sufficient to warrant his removal is, by law, a matter for the determination of the ordinary, who, unless in exceptional cases, is invested with ample power to afford protection by proper action, if the bond is inadequate to afford it. Civil Code, § 3402.

3. It is error, under a rule to show cause why a preliminary injunction should not be granted, to grant a permanent injunction, and render a decree in the case which is in effect a final disposition thereof.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*

Submitted January 22, — Decided February 28, 1901.

Injunction.    Before Judge Reese.    Hancock superior court. November 26, 1900.

*Hunt & Merritt* and *J. A. Harley,* by *J. M. Terrell,* for plaintiff in error.    *W. H. Burwell* and *R. H. Lewis,* contra.