## McARTHUR *v.* JORDAN *et al.*

The allegations of the petition were not sufficient to take the case out of the general rule, that, unless facts exist which clearly show that there is good reason for so doing, equity will not interfere with the regular administration of an estate by a legal representative.

JANUARY 22, 1913.

Equitable petition. Before Judge Bell. Fulton superior court. October 27, 1911.

The substance of the allegations of the petition of W. P. McArthur against Mrs. Mattie Jordan and others is as follows: In February, 1891, James T. Jordan of Fulton county died intestate, seized and possessed of a described tract of land containing 76 acres, more or less, situated in said county. He left, as his heirs at law, his widow, Mrs. Mattie Jordan, and seven children whose names are set forth, and they are made parties defendant in the action, except Tallulah Jordan, whom the plaintiff married in June, 1894, and who, after bearing him a child, died, leaving him and the child her only heirs at law. The child died in August, 1896, leaving him as sole heir. Thus he became entitled to a distributive share of the estate of James T. Jordan. The petition avers: "There was no administration had upon the estate of James T. Jordan, and same has never been distributed among his heirs, the heirs having preferred to settle the estate without administration." Within two years next prior to bringing his suit, the plaintiff made demand upon the heirs "for his said interest in said land, for possession thereof, for a division of said land, and for an accounting for the rents and profits; and said demand has been refused. Petitioner charges, that his said cotenants have received more than their share of the rents and profits of said land; that he has never received any of the rents and profits; and that the rental value of said land has been $75 a year, or other large sum. And petitioner prays for an accounting between him and his said cotenants for said rents and profits. Petitioner charges that a fair and equitable division of said lands and tenements can not be made by means of metes and bounds, by reason of improvements made thereon; and that the value of the entire lands and tenements would be depreciated by a division of metes and bounds; and that said land should be sold and the proceeds divided according to the respective interest of the parties. Petitioner shows, that, after

he had employed counsel and was endeavoring to obtain a settlement without litigation, one of said heirs, to wit, R. F. Jordan, acting on behalf of himself and the other heirs (except petitioner), filed an application to the court of ordinary of said county, on Feb. 15th, 1911, for letters of administration on the estate of James T. Jordan. Petitioner, on March 31, 1911, filed his caveat to said application, upon grounds therein stated; and the issue made is now pending in the court of ordinary. Petitioner charges, that said application for letters of administration was not filed in good faith; that there is not now and never has been a necessity for such administration; that said application is filed too late, and the ordinary is without jurisdiction to grant the same; and that it was filed only for the purpose of defeating petitioner's claim to his interest in said land, by having the same set apart as a year's support to the widow, or otherwise. Petitioner shows that it would be inequitable and unjust to allow said application to be prosecuted for said purpose, as it is without merit and constitutes a multiplicity of suits, and that all the rights of the parties can be effectually determined in this suit." The prayers were: that the defendants be enjoined from prosecuting the application for letters of administration upon the estate; "that an account be taken of the rents and profits of said land;" that it be decreed "that petitioner is entitled to his interest in said land and whatever sum may be found due him on account of rents and profits; that his lien on the land for his share of the rents and profits be foreclosed; and that the land be sold at such time and place as the court may fix, and out of the proceeds of said sale petitioner be paid what is due him on account of his interest in said land and of rents and profits."

The petition was dismissed on general demurrer, and the plaintiff excepted. The bill of exceptions also set forth " . . that in submitting the case to the court, his [plaintiff in error's] counsel asked to be given an opportunity, in the event the court should sustain the demurrer, of amending paragraph 5 of the petition by alleging that all the heirs of James T. Jordan, had consented and agreed to settle his estate without administration. Notwithstanding said request was made before any judgment on the demurrer, the said court dismissed plaintiff's petition without affording any opportunity to amend same, which action of the court is hereby assigned as error."

*A. H. Davis,* for plaintiff.   *Moore & Branch,* for defendants.

FISH, C. J.   (After stating the facts.)   The petition in this case shows that an application for administration upon the estate of James T. Jordan, who died intestate, had been made by his son, R. F. Jordan, and that the plaintiff, who alleges that he is entitled to a distributive share of the intestate's estate, had filed a caveat to the application.   It appears further from the petition that the intestate died seized and possessed of a described tract of land containing 76 acres, more or less, but there is nothing in the petition to indicate that there is no property, save this land, which belongs to the estate.   There is an express allegation that the estate "has never been distributed among his [the intestate's] heirs, the heirs having preferred to settle the estate without administration."   There is no averment that there has ever been any settlement among the heirs; though it appears from the bill of exceptions that counsel for plaintiff requested the court, in the event the demurrer should be sustained, that an opportunity be given him to amend the petition by alleging that all of the heirs had consented and agreed to settle the estate without administration.   This amendment, if it had been allowed, would not have amounted to an allegation that there had been a settlement of the estate among the heirs without an administration, especially in view of the direct averment that the estate has never been distributed among the heirs; and furthermore, the allegation that one of the heirs, acting in behalf of himself and the other heirs (except petitioner), had filed an application for administration, shows that if they ever preferred to settle the estate without administration and had agreed to do so, and if they were all then sui juris, they had subsequently decided on a different course for the settlement of the estate, that is, through an administration.   The petition contains general allegations that the application for administration upon the estate was not filed in good faith; that there is not and never has been a necessity for administration; that the application "  .   .   was filed only for the purpose of defeating petitioner's claim to his interest in said land, by having the same set apart as a year's support to the widow, or otherwise;   .   .   that it would be inequitable and unjust to allow said application to be prosecuted for said purpose, as it is without merit and constitutes a multiplicity of suits, and that all the rights of the parties can be effectually

determined in this suit." We are of the opinion, however, notwithstanding such general allegations, that the petition, considered as a whole, fails to show that there is no necessity for an administration of the estate. The estate owns the 76 acres of land, and, so far as the contrary appears from the petition, it may own other property. No distribution of the estate has been made among the heirs, and no good reason is alleged why there should not be an administration for the purpose, at least, of making a distribution among them, especially as it appears from the petition, as above stated, that all persons interested in the estate, except the petitioner, desire an administration. We do not perceive how an administration would result in depriving petitioner of his interest in the estate " . . by having the same set apart as a year's support for the widow, or otherwise," as the widow, if entitled to a year's support out of the property of the estate, may have it set apart without an administration. Nor does it appear to us how the prosecution of the application for administration " . . constitutes a multiplicity of suits." It is true that "If one tenant in common receives more than his share of the rents and profits, he is liable therefor as agent or bailiff of the other cotenant; and in equity the claim for such indebtedness is superior to liens placed on his interest by the tenant in possession receiving the profits." Civil Code, § 3727.. It is also true that equity has jurisdiction of matters of account among tenants in common (Ib. § 4586), and also jurisdiction in cases of partition when the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just. It is also true, however, that unless facts exist which clearly show that there is good reason for so doing, equity will not interfere with the regular administration of an estate by a legal representative. Civil Code, § 4596; *Moody* v. *Ellerbie,* 36 *Ga.* 666. See also *Collins* v. *Stephens,* 58 *Ga.* 284; *Pease* v. *Scranton,* 11 *Ga.* 33; *Collins* v. *Carr,* 112 *Ga.* 868 (2), 869 (38 S. E. 346). In our opinion, the allegations of the petition in this case are not sufficient to take it out of this general rule. It follows that the court properly sustained the general demurrer to the petition.

*Judgment affirmed　All the Justices concur.*