### WALTON v. REID et al.

The general rule is that an executor can not bind his testator's estate by his contracts, except such as are authorized by law or the terms of the will. If he makes contracts not authorized, he is individually liable. Except as noted, the assets of a testator's estate are only bound for the debts contracted by him during life.

(a) Where a testator, in one item of his will, appoints his wife executrix, and adds, "I suggest, but do not direct, that in the management of the business she [his wife] seek the advice of a good lawyer and of intelligent and practical business men, and that she confer, from time to time, with the treasurer or executive committee" of a named university, such suggestion would not authorize the executrix to employ a "practical business man" to manage the affairs of the estate and to pay him therefor out of its assets. In such case the executrix is individually liable for the debt so incurred; and if it be unpaid at her death, her individual estate is liable therefor.

(b) On failure of the administratrix of such deceased executrix and the creditor of the latter's estate to agree on the amount of compensation for his services, the administratrix would be authorized to submit such issue to arbitration.

(c) Under the facts set out in the petition a court of equity would have no jurisdiction to set aside the award, and to enjoin its payment; and therefore the court erred in overruling the demurrer to the petition.

No. 625. JUNE 14, 1918.

Equitable petition. Before Judge Park. Morgan superior court. September 10, 1917.

Walker S. Reid and others, as heirs at law of Mrs. Mary F. Lawson, brought an equitable petition against P. W. Walton Jr., and Mrs. Susan R. Walton as the administratrix of the estate of Mrs. Mary F. Lawson, and alleged substantially as follows: The

plaintiffs are the heirs at law of Mrs. Mary F. Lawson, who was the wife of Judge Thomas G. Lawson. Judge Lawson died February 11, 1912, leaving his widow, Mrs. Mary F. Lawson, sole executrix and principal legatee under his will, Mercer University and certain tenants being the other legatees. Mrs. Lawson qualified as executrix, and took possession of the estate. P. W. Walton Jr. is a nephew of Mrs. Lawson and looked after the management of the estate for her for about three and a half years. He was a practical business man. On October 31, 1915, Mrs. Lawson, without having fully administered the estate of her husband, died, and had not been discharged as executrix. Upon the death of Mrs. Lawson, Mrs. Susan R. Walton, the sister of Mrs. Lawson, and mother of P. W. Walton Jr., qualified as administratrix upon the estate of Mrs. Lawson. On February 28, 1916, Mrs. Walton as administratrix and P. W. Walton Jr. entered into a written contract wherein it is recited that whereas P. W. Walton Jr. "holds a claim for services against said estate, claimed by him to have been rendered to said decedent" (Mrs. Lawson), it was agreed that the claim contended for by Walton should be submitted to and determined by a statutory arbitration under the laws of the State. Walton claimed $12,000 for his services, and the arbitrators, after hearing evidence in the case, awarded him the sum of $8400 as principal, with interest from the date of the award. The purpose of the present suit is to set aside this award, and to enjoin the administratrix, Mrs. Walton, from paying the amount found to be due. The defendant, P. W. Walton Jr., demurred to the petition on the grounds, among others, that it does not allege any fraud on his part or on the part of Mrs. Susan R. Walton; that it does not allege that Mrs. Walton is insolvent; that it does not allege that Mrs. Walton, as administratrix, is not under good and solvent bond; that it shows on its face that the plaintiffs have an adequate remedy at law; that it shows on its face that the plaintiffs have no interest in the controversy between P. W. Walton Jr. and Mrs. Susan R. Walton; and that it shows on its face that the plaintiffs are not proper parties to the case. There were also special demurrers. The court overruled the demurrers, and the defendant excepted.

*Edward R. Hines* and *Samuel H. Sibley,* for plaintiff in error.

*Allen & Pottle* and *Middlebrooks & Pennington,* contra.

12

Hill, J. (After stating the foregoing facts.) One paragraph of the petition alleged, substantially, that the arbitration was a nullity, for the reason that the agreement submitted an alleged controversy or issue between Mrs. Susan R. Walton, administratrix of the estate of Mrs. Mary F. Lawson, and Peter W. Walton Jr.; that the agreement itself set out that the controversy intended to be submitted thereby was for services claimed to have been rendered by Peter W. Walton Jr. to Mrs. Mary F. Lawson, as executrix of Thomas G. Lawson, deceased; and that the estate of Mrs. Lawson was not legally responsible for the debt, the amount of which was in controversy. The prayer was to set aside the award fixing compensation, and to enjoin the payment thereof. It is argued that the estate of Mrs. Lawson is not liable for the debt due P. W. Walton Jr. Item three of the will of Judge Lawson, a copy of which was attached to the petition, is referred to, and in part is as follows: "I appoint my wife my executrix. . . I suggest, but do not direct, that in the management of the business she seek the advice of a good lawyer and of intelligent and practical business men, and that she confer, from time to time, with the treasurer or executive committee of Mercer University." We do not think this item of the will authorized the executrix to employ all the "practical business men" of whom she might seek advice and pay them out of the estate of the testator. The general rule is that an executor can not bind the estate of his testator by his contracts, except such as are authorized by law or the terms of the will: if he makes contracts not so authorized, he binds himself individually. The assets of an estate are only bound for the debts contracted by the testator during his life. *McFarlin* v. *Stinson,* *56 Ga.* 397; *Lynch* v. *Kirby,* 65 *Ga.* 279. We do not think the item of the will referred to takes this case out of the general rule laid down in the cases cited. The testator evidently did not intend to have his executrix incur liability to "business men" for all the advice she might secure from them. Besides, it appears from the petition that Walton did more than advise. He practically managed the entire estate, and, among other things, effected a compromise with the trustees of Mercer University as. to the legacy bequeathed to that institution, thus saving her a substantial sum of money. These services would not authorize the executrix to charge the value of them to the estate of the testator, and the estate of

Mrs. Lawson would not be relieved from liability therefor if she secured the services of Walton to transact the business for her. In the absence of an express agreement as to the amount of compensation he was to receive, the law would imply a promise to pay what his services were reasonably worth.

But it is insisted that even if the estate of Mrs. Lawson was bound for the value of the services rendered, the amount awarded ($8,400) was excessive. We can not say, as matter of law, that the amount of the award was so excessive as to show bias or prejudice on the part of the arbitrators, and that in consequence the arbitration proceedings should be set aside. Indeed, if we look to the exhibits to the petition, we find that there was ample showing to support such finding. Walton had practically the entire management of the estate—worth approximately $200,000—for three and a half years, and his services were variously estimated to be worth from $600 to $2750 per annum. We think the petition is without equity.

It is insisted that the award was absolutely void, because the submission was not in good faith the submission of a real issue, but was merely a plan devised to attempt to legalize a course already agreed upon between the parties. Only matters well pleaded are taken as true, and this was a matter of defense on a trial of that issue before the arbitrators. Even if the award was the result of accident or mistake, or of the fraud of some or all of the arbitrators, or was otherwise illegal, a legal remedy is available to correct such illegality. Civil Code, § 5049. See *Jones* v. *Payne,* 41 *Ga.* 23 (3). But the allegations are not sufficient to show a void award. There is no allegation of insolvency on the part of the administratrix, or that the heirs are not amply protected by an administrator's bond, so as to give a court of equity jurisdiction. Injunction is a harsh remedy, and should only be resorted to in cases of necessity, in order to avoid irreparable injury. As a general rule, equity will not interfere with the regular administration of estates. It is only in certain cases specified in the Civil Code, § 4596. This case does not fall within any of the exceptions enumerated. And see *Duggan* v. *Lamar,* 101 *Ga.* 760 (29 S. E. 19); *West* v. *Mercer,* 130 *Ga.* 357, 360 (60 S. E. 859). No fraud is alleged on the part of the administratrix, or the creditor. It is not insisted that some amount is not due by some one. If the

debt is against the estate of Mrs. Lawson, and not against the estate of Thomas G. Lawson, as we hold, then her administratrix had the right to arbitrate the matter. Civil Code, §§ 4004, 5020. And unless the arbitration is void for fraud or other cause, equity will not interfere. The petition being without equity, it is immaterial whether some of the heirs of Mrs. Lawson had notice or not. The administratrix is the person designated by law to represent the estate, and she had authority to represent the interest of the heirs and to arbitrate. So far as the petition shows, the arbitration was fair and legal, and no reason appears why it should be set aside by a court of equity. We think the petition should have been dismissed on demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*