### DeVANE, administratrix v. DeVANE et al.

1. A cashier of a bank is not excluded by § 5858 of the Civil Code from testifying as a witness in a case to which the corporation is a party, concerning transactions had between such cashier, as agent, in behalf of the corporation, and a person since deceased, whose administrator is the other party to the case.
2. As a general rule, a court of equity will not interfere with the regular administration of an estate by an administrator. But where one is interested in the title to certain real estate in the hands of the administrator and has intervening equities therein not reached by law, and is liable to suffer loss unless a court of equity intervenes, a court of equity will interfere to prevent such loss.
3. The evidence in the case was sufficient to authorize a finding that the bank was a party to the alleged agreement sought to be specifically performed.

No. 1506. FEBRUARY 12, 1920.

Injunction and receivership. Before Judge Thomas. Cook superior court. May 27, 1919.

J. P. DeVane brought his petition against Mrs. Lollie Bell DeVane as administratrix of the estate of J. G. DeVane, for injunction, receiver, etc. It appears that J. G. DeVane died on October 21, 1918, leaving a considerable estate of real and personal property. His widow was appointed administratrix upon his estate, and qualified as such. She made application for, and had set apart to her, a year's support. She also applied for dower, which was duly assigned to her. While administering the remainder of the estate, the father of her intestate, the plaintiff in this case, brought the present action against her as administratrix, in which he prayed, among other things, that she be enjoined from selling any property belonging to her intestate's estate, and that a receiver be appointed to take charge of the assets remaining in her hands. By an amendment to the petition the Bank of Adel was made a party plaintiff; and there was a prayer for specific performance of a certain contract between J. P. DeVane and J. G. DeVane and the Bank of Adel, by the terms of which J. G. DeVane was to borrow a certain sum of money from the Bank of Adel, giving his notes therefor, and J. P. DeVane was to, and did, sign the notes as surety. It was further agreed that J. G. DeVane was to execute a deed to certain realty belonging to him, to the Bank of Adel, in order to indemnify J. P. DeVane against loss by reason of the suretyship. The Bank of Adel agreed to accept said deed. Before the deed was executed J. G. DeVane died; administration was had upon his estate; and the present suit has, as one of its objects, the specific performance of the alleged contract and the appointment of a receiver to take charge of the property, the plaintiff claiming that he has an equitable lien upon the real estate which was to be conveyed by deed to the bank to indemnify him against loss, and that unless a receiver is appointed to take charge of the property it will be sold by the administratrix and the funds dissipated, to the loss and damage of the plaintiff in the amount of the notes which he signed as surety, and which amount to approximately $7,000. The defendant filed a demurrer to the petition as amended, and also an answer. Upon hearing evidence the court granted an injunction and appointed a receiver as prayed, and the defendant excepted.

*J. W. Powell* and *E. K. Wilcox,* for plaintiff in error.

*J. Z. Jackson* and *Branch & Snow,* contra.

HILL, J.  (After stating the foregoing facts.)

1.  On the trial of the case the cashier of the bank, and its attorney, were permitted to testify over objection that the agreement between J. G. DeVane and J. P. DeVane and the bank was entered into substantially as set out in the foregoing statement of facts.  The objection was upon the ground, that, the bank having been made a party plaintiff to the case, and the present suit proceeding against the defendant as administratrix of the deceased husband, the witnesses were not competent to testify under the Civil Code (1910), § 5858.  In the brief of counsel for the plaintiff in error it is admitted that this question has been before this court a number of times, and that it has been decided against their contention in the following cases:  *Ullman* v. *Brunswick Title etc. Co.*, 96 *Ga.* 625 (24 S. E. 409) ; *Rosser* v. *Georgia Pacific Ry. Co.*, 102 *Ga.* 164 (29 S. E. 171) ; *Maxwell* v. *Imperial Fertilizer Co.*, 103 *Ga.* 108 (29 S. E. 597) ; *Holston* v. *Southern Ry. Co.*, 116 *Ga.* 656 (43 S. E. 29) ; *Cody* v. *First National Bank*, 103 *Ga.* 789 (30 S. E. 281) ; *Florida Central Ry. Co.* v. *Usina*, 111 *Ga.* 697 (36 S. E. 928).  But, counsel argue, these decisions are wrong in principle; and they request this court to review and overrule them.  In the *Ullman* case, supra, this court held:  "There is nothing in the evidence act of 1889, or the amendments thereto, which excludes a director or other agent of a corporation from testifying as a witness in a case to which the corporation is a party, concerning transactions had between such director or agent in behalf of the corporation, and a person since deceased whose executor or administrator is the other party to the case."  This ruling, and the rulings in the cases which follow and approve the *Ullman* case, is controlling of the question raised in the present record.  We have examined that and subsequent cases, and decline to overrule them.  The *Ullman* decision was rendered in 1895, and, so far as we are aware, has been uniformly followed since that time.  Counsel and parties have doubtless acted upon the rule there laid down; and the legislature, which has convened many times since its rendition, has not seen fit to change or abrogate that rule, nor has this court seen fit to overrule the decision.

2.  It is insisted that the court erred in appointing a receiver to take charge of the assets of the estate and in granting an injunction against the sale of the assets in the hands of the admin-

50

.istratrix. It is argued that the court had no right to interfere with the regular administration of the estate of the deceased, unless mismanagement on the part of the administratrix was alleged and shown. The general rule is that a court of equity will not interfere with the regular administration of an estate by the administrator (Civil Code of 1910, § 4596) ; but there are exceptions to the rule, and we think that the present case falls within the exceptions. One of the exceptions is where a person interested in the estate has intervening equities not reached by law, and he is liable to suffer loss unless a court of equity intervenes for his protection. See *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Howes* v. *Whipple,* 41 *Ga.* 322; *Hill* v. *Arnold,* 79 *Ga.* 367 (4 S. E. 751) ; *Perkins* v. *Keith,* 33 *Ga.* 525; *Knight* v. *Knight,* 75 *Ga.* 386 (3). In the present case it is alleged that the two DeVanes and the Bank of Adel entered into an agreement under the terms of which, as set out in the foregoing statement of facts, J. G. DeVane was to execute to the bank his deed to certain real estate to indemnify J. P. DeVane against loss in case he should have the surety notes to pay; and it is also insisted that the Bank of Adel was a party to this agreement, but that on account of the failure of the attorney of the bank to write the deed before the death of the defendant's intestate, the deed was not executed. If this is the truth of the matter (and there is evidence in the record to support it), then we think the plaintiff would have such an intervening equity in the property which was to have been conveyed as to be entitled to the relief sought under the. allegations of the petition and the evidence offered in support thereof.

3. One other ground of exception remains to be considered, viz., that the alleged contract was one between J. P. DeVane and J. G. DeVane, by which the latter agreed to make the conveyance of the land in question to the Bank of Adel, and that the bank was not a party to the agreement, and therefore that the alleged contract was illegal and void. Under the pleadings and the evidence submitted to the trial judge, we think he was authorized to hold that the contract was entered into between the two DeVanes and the bank. The cashier of the bank testified that the agreement was substantially as alleged by the plaintiff, and that he instructed the attorney for the bank to execute the deed in accordance with the terms of the agreement. The purpose of the deed was doubt-

less twofold, to indemnify J. P. DeVane against loss, and also as additional security to the bank; and this being so, we think that there was ample consideration moving to the bank for entering into the agreement, and further that the same was not void as between the three parties thereto for any reason assigned.

*Judgment affirmed. All the Justices concur.*