THOMPSON *v.* THOMPSON, executor, *et al.*

ATKINSON, J. 1. "Courts of equity have concurrent jurisdiction with courts of ordinary in the administration of the estates of deceased persons, in all cases where equitable interference is necessary or proper for the full protection of the rights of the parties at interest. But a receiver should not be appointed to take the assets out of the hands of the legally appointed representatives, except in cases of manifest danger of loss or destruction, or material injury to the assets. *Harrup* v. *Winslet,* 37 *Ga.* 655; *Powell* v. *Quinn,* 49 *Ga.* 523; *Dougherty* v. *Mc-*

*Dougald,* 10 *Ga.* 121." *West* v. *Mercer,* 130 *Ga.* 357 (60 S. E. 859).

2. The allegations of the petition must be taken most strongly against the pleader; and in the absence of allegations that the paper in which the land was being advertised for sale was not such paper as was required by the terms of the power of sale, or that the sale was not being advertised as required by the power of sale, it can not be held that the sale would be improper for either of those reasons (*Sims* v. *Etheridge,* 169 *Ga.* 400, 150 S. E. 647), or that the omission of the executor to apply to the ordinary for an order of sale to pay the secured debt, or his omission to object to the sale under the power contained in the security deed, would be an act of waste or mismanagement.

3. The allegations of mere omission of the executor to pay the amount of his individual debt to the estate, or to make an effort to collect the debts due by his sisters and brothers, are insufficient to charge such manifest danger of loss, or destruction, or material injury to the assets of the estate as would authorize the appointment of a receiver to take the assets out of the hands of the legally appointed executor. Civil Code, § 3891; *Dougherty* v. *McDougald,* 10 *Ga.* 121.

4. Under application of the foregoing rulings, the judge did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 7317.   SEPTEMBER 15, 1930.

# 188

*J. J. Barge* and *Lawton Nalley,* for plaintiff.
*McClelland, Savage & Crawford,* for defendants.