### DARBY *v.* GREEN.

No. 8448.   JANUARY 14, 1932.

*A. R. Dorsey,* for plaintiff.   *Mozley & Gann,* for defendant.

RUSSELL, C. J.   The plaintiff, as the widow of A. C. Darby and as next friend of her minor children, filed an equitable petition against L. D. Green, executor of the will of A. C. Darby.   The defendant filed general and special demurrers, and answered.   The court sustained the demurrers and dismissed the petition.   The exception is to that judgment.   Upon the hearing the plaintiff presented a lengthy affidavit setting forth certain matters in regard to the conduct and unfitness of the defendant; but since upon demurrer there can be no adjudication as to anything outside of the petition, the contents of the affidavit could not be considered by the lower court, and are altogether immaterial here.

According to the allegations of the petition, Darby died, leaving a will (copy of which is attached to the petition) which was duly proved in solemn form without caveat or objection.   In this will he nominated the defendant, L. D. Green, as sole executor, expressly relieving him from giving bond and from making annual returns. The petition alleges that Green is insolvent, but in the will the testator denominates him as his friend, and states that he is a debtor of Green, and that a portion of the debt is for Green's payment of the premiums upon the testator's life insurance.   From this it must be assumed that the testator advisedly and voluntarily exercised his own choice in the selection of his executor.   This must also be inferred from the fact that in the will he confers most unusual and extraordinary powers upon his chosen representative in the disposition of his estate.   He gave the executor the right to sell any property owned by the testator as and when the executor might determine, either publicly or privately; and though he willed that

$30 per month be paid to his eldest son for the support of his family, he gave the executor full power to suspend these monthly payments at his pleasure, either intermittently or permanently. Not satisfied with the bestowal of the powers mentioned in the will, he amplified them in a codicil. Some of the allegations of the petition relating to the character of the executor and his conduct since he took charge of the estate might have been presented by caveat upon the application for probate in solemn form, based either upon the ground of undue influence, or upon lack of testamentary capacity on the part of the testator. However, all these questions were foreclosed by the judgment of the court of ordinary setting up the will, from which no appeal was taken. But it is insisted that equity has jurisdiction concurrent with that conferred upon the courts of ordinary in the administration of the estates of decedents. This is true in proper cases. Section 4540 of the Code of 1910 provides that "Where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity." Thus it is clear that since the two courts have concurrent jurisdiction, that court which first takes jurisdiction will retain it. Section 4596 provides: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first, for construction and direction; second, for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interests." It is clear that the intervention of equity can not be asked as to the first two provisions except by the executor, who in this case as not asking either for direction or that the assets be marshaled. Construing the provision, "upon application of any person interested in the estate, where there is danger of loss or other injury to his interests," with the words of the entire section, it is plain that "equity will not interfere with the regular administration of estates, except . . upon application of any person interested in the estate, where there is danger of loss or other injury to his interests," and this confines the application to equity to something similar to the prayers for construction and direction and for marshaling assets, which are restricted to the representative. In the first instance, the representative alone may ask for construction and direction, etc. But in the regular administration of the estate, any person interested

may also apply for the guidance and direction of a court of equity. This section refers to an action to regulate administrations. It has no reference to withdrawing the administration altogether from the court of ordinary in order that a court of equity may administer the estate, except where the administration in the court of ordinary originated in fraud or is being fraudulently exercised.

According to the allegations of the petition, what interest have the petitioners in this case in the estate devised? Clearly the court below was of the opinion that they had none except such as are dependent upon the judgment and discretion of the executor; and in this opinion we concur. According to the petition, the petitioners are debarred by law from now contesting the validity of the will, the fitness of the executor, or the exercise by the latter of the extraordinary powers conveyed by the will. It is for the executor, and not for petitioners, to determine in what manner he shall exercise the duties of his trust. There is no sufficient allegation of fraud, nor even the suggestion of any words or acts which kept the petitioners from filing a caveat to the probate of the will, or which prevented an appeal from the judgment of the ordinary admitting the will to probate in solemn form. The court of ordinary of Cobb County having acquired jurisdiction of the administration of the testator's estate, it would seem from the allegations of the petition that the remedy of petitioners would be an application to the court of ordinary of Cobb County for an order or judgment which will compel the disclosure by the executor of what interest, if any, the heirs at law of the testator have in the property entrusted to him by the will, after subtracting his claims as a creditor of the estate. The court of ordinary has full jurisdiction in the administration of estates, and to require obedience to its mandates; and either party has the right of appeal to the superior court. If upon such showing as the ordinary may require he should find that there is a residuum of the estate, after deducting the claims of Mr. Green, the ordinary may require a bond covering the interest of the heirs from waste or misapplication until the executor exercises his discretion in the disposition of the property according to the terms of the will. Code, § 3891. We do not say that under proper allegations of facts showing that the petitioners, or any of them, have an interest in the estate so definitely stated that the courts can deal with it, they may not apply for the intervention of equity in the

administration now pending, so as to give proper direction to the administration in the court of ordinary. But the allegations in the present proceeding are insufficient for that purpose, and the prayer is not for the intervention of equity in directing the administration now pending, but that the jurisdiction of the court of ordinary be entirely ousted and a receiver appointed to wind up the administration in the superior court of Fulton County. Equity will not interfere with the regular administration of an estate by a legal representative, unless there is strong reason for so doing. *Pease* v. *Scranton*, 11 *Ga.* 33; *Collins* v. *Stephens*, 58 *Ga.* 284; *Collins* v. *Carr*, 112 *Ga.* 868 (2), 869 (38 S. E. 346) ; *McArthur* v. *Jordan*, 139 *Ga.* 304 (77 S. E. 150). See also *Field* v. *Brantley*, 139 *Ga.* 437 (77 S. E. 559) ; *Beck & Gregg Hardware Co.* v. *McKenzie*, 149 *Ga.* 699 (101 S. E. 806).

*Judgment affirmed. All the Justices concur.*