ARNOLD, executrix, *et al. v.* HARRIS *et al.*

No. 10155. DECEMBER· 14, 1934.

*Mozley & Lalimer,* for plaintiffs in error.

*Ezra E. Phillips, W. O.· May, J. R. Smith Jr., A. A. Owen,* and *Louis H. Foster,* contra.

RUSSELL, C. J. Moses Arnold died testate in Cobb County, his will dividing his property equally between his wife and six children, requiring the children to account for advancements made to them. The amounts advanced to two of the children, J. H. Arnold and Mrs. Phenia Ransome, were specified in the will. The widow, Mrs. Belle Arnold, resident of Bartow County, and a son, H. G. Arnold, of Fulton County, were named as executrix and executor. Before the widow qualified as executrix the ordinary, on her application, appointed appraisers to set apart to her a year's support. The report of the appraisers allotted her $250. A caveat to the probate of the will was interposed by J. H. Arnold and Mrs. Phenia Ransome; and upon the trial of this issue the ordinary found in favor of the propounders, and the will was set up. An

appeal from this judgment was entered, and was pending in the superior court at the time the petition in the case at bar was filed in Fulton superior court by Mrs. Jennie Harris and Mrs. Eula Cole, two of the children of Moses Arnold, naming as defendants the executor and executrix of the will, and Mrs. Phenia Ransome and J. H. Arnold, the executor residing in Fulton County. Petitioners prayed that all proceedings regarding the estate of Moses Arnold be transferred to Fulton superior court, and that a receiver be appointed to administer the estate. The petition as amended alleged, in addition to the facts recited above, that the appeal by the caveators was not being prosecuted in good faith, but for the purpose of intimidating the heirs to whom no advances had been made by the testator; that caveators have stated they would keep the estate in litigation until it was consumed rather than have it administered under the will; that caveators are insolvent; that Mrs. Belle Arnold, without notice to her coexecutor or the other heirs, wrongfully caused the ordinary to double the amount awarded her by the appraisers as a year's support by substituting in lieu of the $250 allotted her the sum of $500, and she is threatening to have said $500 collected by levy and sale of the real and personal property of the estate, her plan being to cause the property to be sacrificed so that she can acquire it. Petitioners allege on information and belief that Mrs. Belle Arnold took from the effects of the testator $480 in money, and gave to H. G. Arnold, executor, receipt for only $180, claiming she only received this amount, although she had admitted to petitioner Mrs. Jennie Harris, in her husband's presence, that she took $480; that should the court remand the case to the court of ordinary of Cobb County, either the executor or executrix could have the administration of the estate removed to the county of his or her residence; and that unless a receiver is appointed a multiplicity of suits will result.

A joint answer was filed by H. G. Arnold and Mrs. Belle Arnold, in which they consented to the appointment of a receiver as prayed. Later Mrs. Arnold sought to withdraw this answer, so far as it affected her, on the ground that she signed it in ignorance of its contents and effect, due to fraudulent representations made by H. G. Arnold. The court made no ruling on the motion to withdraw, and she thereafter filed a demurrer in which she asserted (among other grounds which are stated hereinafter) that the petition

showed no sufficient grounds for equitable interference with the regular administration of the estate in the court of ordinary. She answered, averring that the petition was filed at the instance of her coexecutor H. G. Arnold, for the purpose of ousting her as executrix and preventing her from obtaining her rightful share of the estate of her deceased husband. Mrs. Phenia Ransome also answered, denying that the instrument probated in the court of ordinary of Cobb County was the last will of Moses Arnold, and denying having received the advances as stated in the purported will, but consenting to the appointment of a receiver as prayed by petitioners. J. H. Arnold did not answer. The court overruled the demurrer to the petition, and on the pleadings (no other evidence being introduced) appointed a receiver as prayed. Mrs. Belle Arnold excepted.

The court of ordinary of Cobb County had taken jurisdiction of the administration of the estate of Moses Arnold, who died testate in that county, before the equitable petition which is now before us was filed in Fulton superior court. The will was probated in solemn form, and the named executors had qualified as such. It is true that a caveat to the probate of the will had been interposed by two of the heirs, but upon the trial of this issue the ordinary found in favor of the propounders. The caveators entered an appeal from this judgment to the superior court, which was pending for trial at the time this petition was filed. In these circumstances, the jurisdiction of the court of ordinary can not be ousted, unless facts exist which clearly show that there is good reason; for as a general rule equity will not interfere with the regular administration of an estate by the legal representative. The petition by which it is sought to substitute the superior court of Fulton County for the court of ordinary of Cobb County must disclose some reason, in consequence of which the court of ordinary of Cobb County is not a proper tribunal to deal with the issues which will or properly should arise in the administration of the estate. To use the language of this court in *Darby* v. *Green,* 174 *Ga.* 146 (2), 150 (162 S. E. 493), "When a court of ordinary, in the exercise of its constitutional jurisdiction, has assumed and undertaken the administration of an estate, that court will retain jurisdiction unless a good reason can be given for the intervention of equity." The petition in the present case sought the intervention of the superior court

of Fulton County, and prayed that all proceedings regarding the estate of Moses Arnold be transferred to Fulton superior court and a receiver be appointed to administer the estate. As amended, the petition alleged that the appeal by certain named caveators was not being prosecuted in good faith, but for the purpose of intimidating the heirs to whom no advancements had been made by the testator, and that caveators had made the statement that they would keep the estate in court until it is exhausted in expenses rather than have the same administered under the last will and testament above mentioned; that Mrs. Belle Arnold, without notice to her coexecutor or the other heirs, wrongfully caused the ordinary to double the amount awarded to her by appraisers as a year's support, substituting the sum of $500 in lieu of $250 allotted to her, and she is threatening to have the $500 collected by levy and sale, it being her plan to cause the property of the estate to be sacrificed so that she can acquire it; that she had admitted that she had taken $480 from the effects of the testator, but gave to her coexecutor a receipt for only $180; that she is a resident of Bartow County, and should the court remand the case to the court of ordinary of Cobb County she may remove the administration to Bartow County, or her coexecutor might have the administration of the estate removed to Fulton, and a multiplicity of suits will result. Mrs. Belle Arnold, as executrix, filed the following demurrers to the petition. 1. Said petition fails to set forth a cause of action. 2. There is no equity in said bill. 3. Plaintiffs have an adequate and ample remedy at law. 4. The court of ordinary of Cobb County, a court of competent jurisdiction, has acquired jurisdiction of the administration, and the allegations of the petition fail to show why a court of equity should interfere. 5. Only the representative of the estate can petition the court for a construction of the will. 6. There is no ambiguity in the will, and it is not necessary for a court of equity to construe the same. She also filed several special demurrers, which it is not necessary, for the purpose of this adjudication, to mention.

We are of the opinion that the learned trial judge erred in not sustaining the demurrers, thereby dismissing the petition. This case is one in which no fraud is alleged to have tainted the judgment of the court of ordinary, either in overruling the caveat or in proving the will in solemn form. The caveators had the legal right

to appeal, and it does not appear that (even if the appeal and consequent delay be injurious to the best interest of the estate) there is collusion between the executors and caveators as to the appeal, or any reason to anticipate that the judgment of the superior court of Cobb County would not be in conformity to law. We are of the opinion that no reason set forth in the petition affords sufficient ground to authorize the interference of equity. The Civil Code of 1910 declares that "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first, for construction and direction, second for marshaling the assets; or upon the application of any person interested in the estate, where there is danger of loss or other injury to his interest." § 4096. And that "A court of equity shall have concurrent jurisdiction over the settlement of accounts of administrators." § 4075. Neither of these sections intended to confer upon a court of equity the performance of a supervisory office and the duty of overseeing the conduct of the court of ordinary in the administration of estates. In all the adjudications of which we are aware, in which courts of equity have assumed jurisdiction of the administration of an estate after jurisdiction had first been taken by the court of ordinary, the jurisdiction of equity obtained exclusively, because the exercise of jurisdiction by the court of equity was, for some reason, necessary in the particular case. We do not think any of the reasons given in the petition and referred to in the statement of facts authorized ousting the jurisdiction of the court of ordinary of Cobb County. It may be assumed that any of the threatened litigation or other anticipated evils could be prevented or corrected in the appropriate courts of law. In this connection, see *Darby* v. *Green,* supra, and cit. As the petition in this case should properly have been dismissed, all proceedings subsequent to the overruling of the demurrers were nugatory; and this includes the appointment of a receiver.

*Judgment reversed. All the Justices concur.*