ASTIN, administratrix, *et al. v.* CARDEN, administrator, *et al.*

No. 14226.    OCTOBER 16, 1942.

*J. B. Edwards* and *Matthews, Owens & Maddox,* for plaintiffs.

*Forrest C. Oates Jr., Leon & Dean Covington,* and *J. R. Smith,* for defendants.

BELL, Presiding Justice. (After stating the foregoing facts.)
On presentation of the petition the judge granted a temporary restraining order applicable to all of the defendants. At the interlocutory hearing, he passed an order refusing to appoint a receiver as prayed, and revoking the restraining order to the extent of relieving the defendant administrator altogether from its operation, and relieving the widow "in her proceeding for a year's support." It is this latter order that is complained of in the bill of exceptions.

We shall deal first with the modification feature. Whether this order might have been subject to review at the instance of the defendants as to whom there was no modification or revocation of the previous restraining order, or at the instance of the widow, as to whom there was a revocation, though in part only (*Grizzell* v. *Grizzell,* 188 *Ga.* 418, 3 S. E. 2d, 649), the *plaintiffs* are the excepting parties. They evidently proceeded upon the theory that as to them the order amounted to the refusal of an interlocutory injunction;

but under former decisions, it can not be so treated. From the plaintiffs' standpoint, the order did no more than modify a previous restraining order; and according to numerous decisions by this court, such order is not reviewable. "There is no provision of law for reviewing by writ of error an interlocutory order merely revoking or setting aside a temporary restraining order." *Bradfield* v. *Abercrombie,* 151 *Ga.* 401 (107 S. E. 45) ; *Touchton* v. *Henderson,* 158 *Ga.* 819 (124 S. E. 529) ; *James* v. *Wilkerson,* 164 *Ga.* 49 (138 S. E. 71) ; *Goss* v. *Brannon,* 165 *Ga.* 502 (141 S. E. 295) ; *Williams* v. *Roberts,* 169 *Ga.* 226 (150 S. E. 89) ; *Harris* v. *Stowers,* 192 *Ga.* 215 (2) (15 S. E. 2d, 193). This leaves for review only so much of the order as refused to appoint a receiver.

■ Did the judge err in refusing to appoint a receiver? He refused the appointment on the ground that the allegations were insufficient for such relief. We thus have a question of law arising from pleadings, and not a question as to whether there was an abuse of discretion. *Hill* v. *Wadley Southern Railway Co.,* 128 *Ga.* 705 (57 S. E. 795). The petition may be divided generally into two parts, one referring to the *estate of the decedent,* S. M. Carden Sr., and the other to property claimed by the plaintiffs as belonging to them and therefore as forming no part of that estate, but which is about to be administered as a part of it, by the administrator. In this division, we will consider the averments in reference to the estate of the decedent, as distinguished from those relating to property claimed by the plaintiffs. The allegations were abbreviated to some extent in the statement which precedes this opinion. The complaints against the administrator may be further abbreviated, and stated as follows: omission of cash and other property from the inventory and appraisement; failure to collect money due to the estate by a third person, and payment of an invalid note held by himself as an individual; expenditures for improvement of real estate, and contracts with and advancements to tenants, all of which, it is claimed, were unauthorized; failure to take steps to cancel a deed signed by the intestate to one of his sons, alleged to be invalid; and forfeiture of commissions, which will nevertheless be claimed.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the as-

sets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. The plaintiffs are relying, of course, upon the latter clause of this section, claiming that there is danger of loss or other injury to their interests, and that the danger is such that a receiver should be appointed. The judge did not hold that the plaintiffs were not entitled to any equitable relief whatever, but merely refused to appoint a receiver. Thus at this time we have no question as to whether the petition may have stated a cause of action for some of the relief prayed, but the only question for determination is whether the allegations were sufficient to show need for a receiver. "The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code, § 55-303.

The estate is now under the jurisdiction of the ordinary, as to whose authority the Code, § 113-1229, provides as follows: "Whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer to such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances of each case." Under this law as applied to the allegations, the plaintiffs, as heirs at law, may, as to complaints made directly against the administrator, obtain adequate protection and redress by applying to the court of ordinary, and do not show cause for a receivership. *Crawford* v. *Ross,* 39 *Ga.* 44 (2); *Powell* v. *Quinn,* 49 *Ga.* 523; *Duggan* v. *Lamar,* 101 *Ga.* 760 (29 S. E. 19); *Collins* v. *Carr,* 112 *Ga.* 868 (2) (38 S. E. 346); *Hobby* v. *Ford,* 149 *Ga.* 176 (99 S. E. 624); *Thompson* v. *Thompson,* 171 *Ga.* 185 (3) (154 S. E. 889); *Tinsley* v. *Maddox,* 176 *Ga.* 471 (168 S. E. 297); *Butler* v. *Floyd,* 184 *Ga.* 447 (191 S. E. 460); *Beecher* v. *Carter,* 189 *Ga.* 234 (5) (5 S. E. 2d, 648).

The present case differs on its facts from *McCord* v. *Walton,* 192 *Ga.* 279 (14 S. E. 2d, 723). In that case the defendant was an

executor, and was not required by the will to give a bond. The petition alleged that he was insolvent and was not under bond. Other allegations tended to show danger of loss or other injury unless the plaintiff obtained immediate relief, which the ordinary had no jurisdiction to grant. The decision in that case does not support the contention that the allegations here stated sufficient cause for appointment of a receiver. It follows that the refusal to grant such relief was not erroneous, as related to alleged acts and omissions of the administrator.

The following complaints were made against the widow, the second wife of the decedent: suing for real estate in which she has no interest, but in which the plaintiffs are interested as heirs at law of their mother and father respectively: unauthorized withdrawals from bank accounts of the intestate, both before and after his death, for which she should account; and application for a year's support with an excessive amount of cash allowed by appraisers, against which a caveat has been filed and is pending.

Manifestly, these charges against the widow do not show such danger of loss or injury as would have authorized the appointment of a receiver (*Thompson* v. *Thompson,* 171 *Ga.* 185 (3), supra), nor did the petition as a whole show cause for such relief, in so far as the estate of the intestate is concerned.

■ We consider next the allegations to the effect that the defendant administrator has taken charge of a described tract of land, claiming that the whole of it belongs to the estate of the intestate, whereas the plaintiffs owned at the time of his death and still own an undivided three-fourths interest therein, and only the remaining one-fourth interest was owned and left by such intestate; that the administrator has collected the rents from this land, and has failed to account to the plaintiffs. For other allegations relating to this property and the plaintiffs' interest therein, see paragraph (2) of the statement. For the moment, we may lay aside any question as to cotenancy.

Do the allegations show any necessity for a receiver, upon the theory that the administrator is proceeding to administer certain property as though it belonged to the estate of the intestate, when as a matter of fact it was and is the property of the plaintiffs? This question must be answered in the negative. The mere fact that an administrator is about to administer the property of an-

other, whether the title of the latter be legal or equitable, does not, without more, furnish cause for appointment of a receiver of such property. There must be danger of loss or other injury, before such relief may properly be granted. *Gibbs* v. *Gibbs,* 151 *Ga.* 745, 752 (108 S. E. 214). *Wright* v. *Edmondson,* 189 *Ga.* 310 (3) (5 S. E. 2d, 769). The allegations here do not show that the administrator is insolvent, or that for other reason the plaintiffs are likely to suffer loss or injury unless a receiver should be appointed. The case thus differs on its facts from *Hill* v. *Arnold,* 79 *Ga.* 367 (4 S. E. 751), *DeVane* v. *DeVane,* 149 *Ga.* 783 (2) (102 S. E. 145), and similar cases, where such danger was sufficiently shown.

What has just been said will apply in like manner to the claim of *one* of the plaintiffs as to property in the City of Cedartown, which it is alleged the administrator also claims for the estate, and "threatens" to demand "for the purpose of administration."

■ Nor do the facts as to cotenancy require a different conclusion. Whatever may be the rule in other jurisdictions, even a dispute among cotenants will not constitute ground for a receivership in this State, unless there is the element of probable loss or injury to the complainants. It is declared in the Code, § 55-302, that "Equity may appoint receivers to take possession of and protect trust or joint property and funds, whenever the danger of destruction and loss shall require such interference." Since it does not appear that any of the defendants are insolvent, or that there is other reason to apprehend loss or injury unless a receiver is appointed, the allegations as to cotenancy, considered either by themselves or in connection with the other averments, do not present a case for such relief. Compare *Hatton* v. *Johnson,* 150 *Ga.* 218 (103 S. E. 233). On the general subject as related to cotenancy, see Anderson & Kerr Drilling Co. *v.* Bruhlmeyer, 134 Tex. 574, 136 S. W. 2d, 800, 127 A. L. R. 1217, note.

We are reminded further that the widow of the intestate is also claiming this land; so that if the plaintiffs be considered together as one claimant, and the defendant administrator as one, there are three persons, all parties to the instant case, who are asserting title to this property. It is alleged in effect that a multiplicity of suits will necessarily follow unless equity should take jurisdiction for the purpose of determining the rights of all the parties in a

single proceeding. Whether this be true either as a matter of fact or as a legal conclusion, it does not follow that a receiver should be appointed; and while the law provides that when property is "in litigation, and the rights of either or both parties can not otherwise be fully protected," the court may appoint a receiver for it, the allegations here do not show the need of such protection. Code, § 55-301.

In view of what has been said, the court properly refused to appoint a receiver, on the ground that the allegations were insufficient for such relief.

. *Judgment affirmed.* *All the Justices concur, except Hewlett, J., not participating.*