DAVID J. DOBBS, plaintiff in error, *vs.* GUSTAVUS A. PRO-
THRO *et al.*, defendants in error.

Where a complainant alleges in his bill that execution has issued against him in favor of the executors of a deceased testator; that such executors are indebted to him, as one of the legatees of the deceased, in a sum greater than that named in the execution; that the estate is free from debt, and that said executors are insolvent:

*Held*, that the chancellor erred in refusing the injunction and dismissing the bill.

Equity. Injunction. Administrators and executors. Before Judge KNIGHT. Cobb County. At Chambers. July 20th, 1876.

Reported in the decision.

DAVID IRWIN; GEORGE N. LESTER, by CANDLER & THOMSON, for plaintiff in error.

W. T. & W. J. WINN, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain the collection of an execution issued upon a common law judgment obtained against him. On the hearing of the motion for an injunction on the allegations contained in the complainant's bill, the chancellor refused to grant it. Whereupon the complainant excepted.

The complainant's equity, according to the allegations in his bill, is that the defendants, as the executors of Evan Prothro, sued him for the sum of $370 00, for which he was indebted for money received by him for said executors, for the rent and sale of the Powder Springs place in Cobb county, by the direction and request of said executors, and in March, 1875, obtained judgment against him for that amount; that the complainant's wife was one of the legatees of Evan Prothro, who died in South Carolina in 1864, leaving a considerable estate; that the defendants, as executors of their testator, have in their hands or have appropriated to their own use, more than $2,500 00 belonging to complainant as one of the legatees of said estate; that there are no outstanding debts against the estate of Evan Prothro, or any just or legal reason why defendants should collect said judgment from the complainant, and that said executors are *insolvent*. The complainant does not seek to attack the judgment rendered against him in favor of the executors of Prothro, but only seeks to restrain the collection of that judgment, upon the ground that it would be inequitable and unjust to do so, in view of the allegations contained in his bill.

Assuming that the judgment against the complainant was properly obtained, as the bill does, still there would be no necessity for its collection by the executors, merely for the purpose of paying it back to the complainant as one of the legatees of their testator, and especially ought not the execu-

tors to be allowed to collect the amount of the judgment out of the complainant as a legatee, when they are insolvent and unable to respond to him for that part of his legacy if they shall be permitted to obtain possession thereof: *Carter vs. McMichael,* 20 *Georgia Reports,* 96 ; *Moody vs. Ellerbie, administrator,* 36 *Ibid.,* 666 ; *Dorsey vs. Simmons,* 49 *Ibid.,* 245.

In view of the allegations contained in the complainant's bill, assuming the same to be true, (as the demurrer thereto does) the chancellor erred in sustaining the defendants' demurrer to the complainant's bill for want of equity, and in refusing to grant the injunction prayed for, inasmuch as that judgment was contrary to the well established principles of equity as recognized by this court in the cases herein-before cited.

Let the judgment of the court below be reversed.