85   235
105   837

GIBSON, executor, v. MAXWELL et al.

A petition by the legatees of a will to the court of ordinary, alleging that the executor had collected and converted to his own use $300 of the estate and was insolvent and unable to respond, and praying that he be removed, was not demurrable.

(a) Without a motion for a new trial, this court cannot inquire into the

correctness of the verdict, though it does not seem to be supported by the evidence.

(b) It appears from the will that the executor holds the estate as trustee for the legatees, and that they are now *sui juris*, and that the trust stands executed. No necessity for a trustee appearing, the proceeding to remove him as executor was superfluous.

April 21, 1890.

Executors. Demurrer. Wills. Practice. Verdict. Trusts. Before Judge HINES. Washington superior court. September term, 1889.

Reported in the decision.

EVANS & EVANS and F. H. MILLER, for plaintiff in error.

GILMORE & PHILLIPS and T. H. POTTER, *contra.*

BLANDFORD, Justice.

The defendants in error presented a petition to the court of ordinary of Washington county, in which they alleged that William Gibson was the executor of the last will and testament of Maxwell, that he had collected and converted to his own use $300 of the estate of the decedent, that the petitioners were the only legatees under the will, and that said Gibson was insolvent and unable to respond; and they prayed that he might be removed as such executor. Gibson demurred to this petition; the demurrer was overruled, and he excepted.

We think the petition set forth a state of facts which would have authorized the ordinary to remove Gibson from his executorship, and therefore that the court below committed no error in overruling the demurrer. This is the only ground of error we can consider in this case. There was no motion for a new trial, and therefore we cannot inquire into the correctness of the verdict of the jury. The record before us does not show that Gibson had appropriated to his own use any of the money belonging to this estate; and had a mo-

tion for a new trial been made, without such testimony appearing, this court would in all probability have set aside the verdict; but we cannot reach the verdict in this proceeding, as the complaint is that the court erred in overruling the demurrer to the petition; in which, as we have seen, there was no error.

It appears from the will, which was introduced in evidence, looking outside of the petition, that Gibson holds the estate as trustee for the legatees. It further appears that the legatees are now *sui juris;* and therefore the trust stands executed, and there is nothing for Gibson to do. The legatees, upon arriving at the age of twenty-one, had the right to take their property and to sue for themselves; and it not appearing that there was any necessity for a trustee, we think that this proceeding to remove Gibson was entirely superfluous. But inasmuch as the court below decided correctly upon the point submitted to it, the judgment must be

*Affirmed.*