*T. J. Ripley,* for plaintiff.

---

## BELLAH, trustee, *v.* CLEGHORN, executor, *et al.*

1. When an executor turns over to a firm of which he is a member the collection of debts due to the estate which he represents, and permits his firm to use the proceeds of such collections, the firm giving the estate credit therefor on their books, he does so at his risk, and he is individually liable to the estate for any loss arising from such misappropriation of the assets of the estate; and when the firm and the executor are adjudged bankrupts, any sum due the executor as a legatee under the will should be charged with such loss, and the individual liability of the executor for such misappropriation of the funds of the estate should be set off against his legacy under the will.

2. In the circumstances just stated, the trustee in bankruptcy of the firm member who is the executor can not maintain a petition against

Executors and Administrators, 24 C. J. p. 472, n. 54 New.

the executor in his individual and fiduciary capacities, and against the other legatees under the will, for an equitable accounting and for recovery of any amount due the executor upon his legacy, upon the theory that his firm alone is liable to the estate for the funds of the estate collected and used by the firm, and that the individual assets of the bankrupt executor can not be applied to the payment of such debt of the firm, where the assets of the firm will not pay firm creditors in full, and that anything due the executor upon such legacy should not be applied to the payment of debts of the firm. In the circumstances the liability of the executor to the estate is an individual liability, and he is primarily liable for such devastavit, although his firm and the members thereof are likewise liable therefor.

No. 6181. January 12, 1928.

Equitable petition. Before Judge Maddox. Chattooga superior court. August 1, 1927.

*Willingham, Wright & Covington,* for plaintiff.

*Maddox, Mathews & Owens,* for defendants.

Hines, J. In 1908 John S. Cleghorn Sr. died and left a will in which he appointed his son, C. C. Cleghorn, his executor. The will was probated on April 6, 1908, and the son qualified as executor and has since and is now acting as such. Testator devised and bequeathed his entire estate to his wife and to his four children consisting of two sons, C. C. Cleghorn and John S. Cleghorn Jr., and two daughters, Mrs. J. R. Pitner and Mrs. Powell Glass, in the manner pointed out in his will, which, for the purposes of this case, need not be set out in detail. The sons formed a partnership and conducted a mercantile business for many years, under the firm name of Cleghorn Brothers. In 1925 this partnership and the individual partners were, in one proceeding, adjudged bankrupts. J. M. Bellah is the trustee in bankruptcy of C. C. Cleghorn. For many years before the bankruptcy the firm had collected various debts due the estate, and gave the estate credit for these collections on their books. Prior to the bankruptcy a great part of the estate had been administered and distributed by the executor among the legatees under the will; but the administration of the estate was not completed at the time the executor was adjudged a bankrupt, and has not yet been completed. If the funds so collected and credited by the firm on debts due the testator are not chargeable to the legacy of C. C. Cleghorn, the estate was on January 2, 1925, and is now, due him in money or property $7500 or other large sum, the exact amount of which his trustee in bankruptcy is unable to state, from lack of information,

as this amount is peculiarly within the knowledge of the executor, who is in control of the estate. The executor withholds from his trustee any money or property of the estate due him on his distributive share in the estate, claiming that the funds so collected by his firm should be offset against his share in the estate, and that by offsetting his partnership indebtedness to the estate against his share the estate would owe him nothing. This contention assumes that the firm alone is indebted to the estate for the proceeds of the debts to the testator collected by it, and for which it gave the estate credit on its books. On the contrary the defendants assert that the executor is indebted to the estate for the proceeds collected by his firm from debts due the testator, with his knowledge and consent, and which the firm used in its business and for which it gave the estate credit upon its books; this contention being based upon the ground that the action of the executor in turning over these funds to his firm amounted to a devastavit for which he became individually liable to the estate, and against which his share in the estate can be set off. Fairly construed, the petition does not allege that the bankrupt would be entitled to any share in the estate of the testator if this claim for the proceeds from debts due the estate, which the firm collected and used, and for which it gave the estate credit on its books, is set off against the distributive share of the bankrupt in the estate.

There is little, if any, dispute about the law of the case. Both the partnership and its members became insolvent, and both were adjudged bankrupts. The assets of the firm will pay only about forty per cent. of its indebtedness. The assets of the individual member, with whom we we are dealing, will pay only about ten per cent. of his indebtedness. In these circumstances the net proceeds of the partnership property should be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of this partner should be applied to the payment of his individual debts. 11 U. S. C. A. § 23. So if this claim was a debt of the firm alone to the estate, it should, in the circumstances of this case, be paid from the firm assets alone, and the individual assets of the partner could not be applied to its liquidation. In other words, under the facts of this case, a debt against the firm could not share in the assets of the individual partner; and it necessarily follows that anything due the individual firm member on

his distributive share in the estate of testator can not be applied to the payment of the debt of the firm due the estate, but should be applied to the payment of demands of creditors against the individual firm member. The present proceeding was brought by the trustee in bankruptcy of C. C. Cleghorn against him as executor and individually, and against the other legatees under the will of the testator, for the purpose of requiring the executor to assent to the legacy of C. C. Cleghorn under the will, and for the purpose of securing an equitable accounting among them, in order to ascertain the amount due upon the distributive share of the said C. C. Cleghorn in the estate of testator. The defendants demurred to the petition, upon the ground, among others, that it set forth no cause of action. The court sustained the demurrer, and to that judgment the plaintiff excepted. So this brings us to consider the question whether this demand of the estate is one primarily against the firm alone, or whether it is one primarily against the individual member. If it is a debt due by the firm alone, it must, under the facts of this case, be paid from the firm assets. If it be a liability of the executor to the estate, or if it be a joint and several liability of the firm and the executor of the estate, then it is one payable from the individual assets of the insolvent executor, and his distributive share in the estate will be charged with its payment.

Under the will the executor was not authorized to lend out the funds of the estate. He was without authority under the will to turn over to his firm the collection of debts due the estate, and to permit his firm to use the proceeds arising from their collection. When he did so he acted at his risk, and when these funds became lost by the insolvency of his firm, he will be compelled to account individually for them. *Dowling* v. *Feeley,* 72 *Ga.* 557. The fact that the firm and its members would also be liable to the estate for the misappropriation of these funds does not relieve the executor from individual liability therefor. The individual liability of the executor is not merged in or destroyed by the liability of the firm for these funds. So here we have an individual claim of the estate against C. C. Cleghorn, who is both executor and legatee under the will of testator, and who as legatee is entitled to a balance on a legacy under the will. This being so, his individual debt to the estate can, both under the bankrupt law and equitable prin-

32

ciples, be set off against his legacy. Civil Code (1910), § 4593: *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Dorsey* v. *Simmons,* 49 *Ga.* 245; *Dobbs* v. *Prothro,* 57 *Ga.* 14; *DeVane* v. *DeVane,* 149 *Ga.* 783 (102 S. E. 145). In view of what is said above, the trial judge properly sustained the demurrer to the petition.

<em>Judgment affirmed.    All the Justices concur.</em>