(No. 24883.— )
In re John W. Ellis, Attorney, Respondent.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

Charles Leviton, *amicus curiae.*

Edward R. Tiedebohl, for respondent.

Mr. Justice Orr delivered the opinion of the court:

The board of managers of the Chicago Bar Association and its committee on grievances, acting under rule 59 as commissioners of this court, heard a complaint of unprofessional conduct lodged against John W. Ellis, a member of the Illinois bar since 1894. Its report recommended his disbarment, and respondent has filed exceptions thereto.

The charges against Ellis are an outgrowth of his testimony June 1, 1937, in the case of *United States* v. *William H. Malone,* in the United States district court. As a witness for the government in its prosecution of Malone for income tax evasion, respondent testified that he received from the Pullman Company a fee of $15,000 for legal services before the State Tax Commission in 1925, and a similar fee for services in 1926. He paid ten thousand dollars

of the first fee to Percy B. Coffin, who had once been chairman of the tax commission; the same sum was paid out of the second fee to a messenger from Coffin or William H. Malone, the latter then chairman of the commission. According to respondent's testimony in the Malone trial these payments were made as contributions to campaign funds pursuant to an agreement between him and certain officials of the Pullman Company and would not have been made if he had not received the Pullman fees.

The complaint charges the arrangement described in the Malone trial was, in fact, a method of bribing public officials, and that the payments of the Pullman Company were used, in part, to pay for favorable rulings on tax matters and for resulting reductions. It describes the transactions of respondent with Coffin and Malone and further charges that respondent testified in the Malone trial and that his conduct as an attorney at law was such as would tend to defeat the administration of justice and bring the courts and the legal profession into disrepute. Respondent's answer admits the campaign contributions were made but denies that the arrangement was a method of bribing public officials, or that any favorable tax rulings or reductions were obtained, and contends the donations were made without fraudulent purpose, dishonest motive or evil intent.

The principal item of evidence introduced in the proceeding before the commissioners was the transcript of Ellis' testimony as a witness in the Malone trial. Respondent claims that under our ruling in *People* v. *Amos,* 246 Ill. 299, this transcript of his testimony should not have been considered. But he misconceives the import of that decision. There, we held that in a disbarment proceeding the entire record made in a previous civil action against the same attorney was inadmissible. The record in that case contained testimony of witnesses concerning the conduct of the attorney, Amos. We held he was entitled to be confronted by those witnesses in the disbarment proceeding and the record of their testimony in the previous case was

excluded. No such record is offered here. Only the admittedly correct and complete transcript of Ellis' testimony as a witness against Malone was introduced. Such testimony is competent; it is no more than an admission of the party against whom it is used. *Merchants Loan and Trust Co.* v. *Egan,* 222 Ill. 494.

Respondent relies chiefly for exoneration on the contention that proof of specific charges of bribery, favorable tax rulings, and resulting tax reductions in favor of the Pullman Company is not clear and convincing, and that there is no satisfactory evidence that the acts committed were accompanied with fraudulent purposes, dishonest motives or evil intent. We find no evidence that the Pullman Company received substantial tax reductions. In fact, the record indicates that the company was assessed a relatively higher capital stock tax for 1925 and 1926 than for 1924. The only evidence that the ruling was favorable to the Pullman Company is that the company accepted as satisfactory and agreed not to contest the amount which the tax commission proposed to levy and did levy against it. Thus, we think the charge of obtaining favorable tax rulings and resulting tax reductions for the Pullman Company through the medium of campaign contributions is not established by the evidence.

It is, also, not entirely clear that respondent's purpose in making such payments was fraudulent. He testified that he was following the instructions of an attorney for the Pullman Company, who stated he had no recollection of giving any such instructions. In this and other respects, the evidence against respondent is damaging. He was a most reluctant witness before the grand jury investigating Malone's conduct and denied he paid any money to Malone, but later admitted it was paid by him to a messenger from Malone or Coffin. His original income tax returns for the years in question did not show the portions of the Pullman fees paid as campaign contributions, although he paid the tax on those portions of the fees several years later. The

record shows that there were conversations between Malone and Ellis as to when the second Pullman fee would be paid; that after Ellis had delivered $10,000 in currency out of the second $15,000 fee, Malone asked him to contribute the remaining $5000. When Ellis refused, Malone told him it would make a difference in his future matters before the tax commission, and thereafter Ellis did not represent the Pullman Company in tax matters. From this, however, it does not necessarily follow that respondent's earlier contributions were for the purpose of influencing the commission. He may have withdrawn thereafter in order not to prejudice his client, the Pullman Company. It is difficult to believe that a practicing attorney for forty-three years would make political contributions through an unscrupulous chairman of the State Tax Commission, out of fees received from his client, without the hope of receiving more favorable rulings in tax matters.

While we do not believe that the specific charges of bribery and other fraudulent conduct have been conclusively proved, yet the evidence of unethical conduct is sufficient to warrant some disciplinary action by this court. An attorney is an officer of the court sworn to aid in the administration of justice and to act with good faith in all legal matters. His clients, the court, and the public as well, have a vital interest in his integrity and are entitled to require that he shun even the appearance of any fraudulent design or purpose.

Conduct such as the respondent has admittedly engaged in cannot well be condoned, but in view of respondent's long and otherwise respectable career at the bar we do not believe it is necessary to order his disbarment. See, *In re Borchardt,* 357 Ill. 458.

Respondent is suspended from practice as attorney and counsellor at law within this State for the period of two years. *Respondent suspended.*