(No. 30879.— )
IN RE JULIUS RIEGER, Attorney, Respondent.

*Opinion filed January 19, 1949—Rehearing denied March 16, 1949.*

CHARLES LEVITON, of Chicago, *amicus curiae.*

HERBERT M. WETZEL, of Chicago, for respondent.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Board of Managers and Committee on Grievances of the Chicago Bar Association filed a report in this court recommending that the respondent, Julius Rieger, be disbarred and that his name be stricken from the roll of attorneys.

The complaint charged in substance that the respondent was admitted to the practice of law April 13, 1922, and subsequently, upon his own motion, his name was stricken from the roll of attorneys February 10, 1932, and he was reinstated as an attorney April 21, 1937; and that in September, 1946, respondent, being retained by one Louis Carlson, a member of a copartnership, to collect the sum of $2291.41 owing by a debtor, did procure from such debtor a judgment note representing that amount together with

interest, in all the sum of $2365.80, which was to be paid in installments of $197.50 each for a period of one year; that respondent collected the first three installments, and collected his fee thereon and remitted the balance to his client, but that the succeeding four installments for January, February, March and April of 1947 were collected by respondent and retained and converted to his own use, without authority of his employer; and that upon the complaint of Carlson the Chicago Bar Association brought this proceeding.

The answer of the defendant admits that he received the monthly payments collected by him, and that he has not repaid the same, but that he executed two notes and delivered them to the complainant, neither of which notes have been paid, or any part thereof. The facts are not disputed by respondent, but his answer is to the effect that his acts did not constitute moral turpitude; and denies he is guilty of any unprofessional or unethical conduct; and in further mitigation he alleges that his mother and sister became very ill and were confined to a hospital, and it was necessary for him to have money. The manner in which the money was converted was by the receipt of checks payable to the creditor company, and endorsed by Rieger in the name of the company by him as attorney. Some question is raised about his authority to so endorse the checks and to collect the money, but the important point in the case is to determine whether there is any defense to the conversion of four sums of $197.50 each, in successive months.

The respondent alleges that he has been deprived of due process of law, and that the Chicago Bar Association had not laid down any precise rules governing the conduct of attorneys, and therefore did not comply with Rule 59 of the Supreme Court with regard to the appointment of commissioners to act in such cases. We have on several occasions held that the constitutionality or power of the

Chicago Bar Association to act as commissioners of this court in disbarment proceedings is not subject to question. (*In re Donaghy,* 393 Ill. 621; *In re Roth,* 398 Ill. 131; *In re McCallum,* 391 Ill. 400.) In the last-mentioned case the respondent attempted a review of this point in the Supreme Court of the United States, but the appeal was dismissed. We therefore deem it unnecessary to discuss this claim further.

On the question of whether conversion of a client's money amounts to moral turpitude and is sufficient to merit his disbarment, we have held in two recent cases that the wrongful conversion of his client's funds by an attorney is a flagrant violation of his duty, sufficient to warrant his disbarment. (*In re Roth,* 398 Ill. 131; *In re Both,* 376 Ill. 177.) It would seem to be unnecessary to argue that collecting four monthly installments of $197.50 each, and converting each of said sums in successive months would certainly be a wrongful act upon the part of an attorney, and would surely disclose moral turpitude as fully as though he were convicted of the crime of larceny or embezzlement.

Counsel for respondent presents a strong argument concerning the necessities of his client for the hospitalization and care of his mother, and also his sister. We have no doubt that this was in part, at least, the cause of the conversion of the funds, but it cannot be presented as an argument or excuse for taking a client's money. The giving of notes for the converted money does not constitute restitution. Respondent states that at one time he had $200 set aside to pay on account, but did not pay it because his attorney advised against it, as it might look like he was trying to influence the complainant. It occurs to us that failure to pay would be much more likely to bring about this result. If respondent ever had this fund set aside he never attempted to apply it upon his notes.

An attorney at law takes an oath that he will observe the laws of the State of Illinois, and will faithfully per-

form his duties as counsellor and attorney at law. If attorneys are permitted to excuse acts of the kind proved and admitted in this case the public would soon lose confidence not only in attorneys, but in the courts charged with requiring their observance of the duties of an attorney at law.

On the facts the case is clear. The respondent practically admits that he is guilty of the acts charged and found by the commissioners. The only justification for the act is a strong argument, and in fact a plea for mercy, which amounts to no more than a plea of mitigation of punishment, suggested by his counsel.

Loath as we are to deprive a lawyer of his license to practice law, no other course is admissible in this case, and consequently the report of the commissioners is approved, and the name of the respondent, Julius Rieger, is stricken from the roll of attorneys.

*Respondent disbarred.*