(No. 31992.—
IN RE CARL A. MELIN, Attorney, Respondent.

*Opinion filed November 27, 1951.*

HARRY B. HOFFMAN, of Peoria, *amicus curiae.*

EDWIN V. CHAMPION, of Peoria, and ANDREWS & ANDREWS, of Kewanee, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Respondent, Carl A. Melin, was admitted to the bar in 1905. May 25, 1950, the chairman of the Committee on Inquiry of the Illinois State Bar Association filed a formal complaint against respondent, and after pleadings were filed and hearings held, the Committee on Grievances recommended that respondent be suspended from the practice of law for a period of one year. Thereafter, the Board of Governors of the Illinois State Bar Association filed their report in this court, recommending that respondent be suspended from the practice of law for six months, under Rule 59 of this court. Respondent filed exceptions to the report of the Board of Governors.

The original complaint filed against respondent before the Committee on Grievances contained two counts. The first charged that respondent, while acting as executor of the estate of Margarette Lucia Stitt, filed no inventory or executor's report for fifteen years, that he paid out funds of the estate to purchase in his own name at a tax sale certain real estate devised under the will of the decedent and, thereafter, to pay taxes and insurance on that realty and improvements; and, further, that he did not keep the estate funds separate from all other accounts and funds, but deposited them in his own name.

The second count alleged that respondent was appointed executor of the estate of Henry Stephenson upon probate of his will in 1943. The respondent, as executor, is charged with converting the entire estate into cash but failing to

make final distribution to the heirs until June, 1949. At the close of all evidence an amendment to the complaint was filed as count III charging respondent with commingling the funds of these two estates with his personal bank accounts, and that the balance of his accounts was sometimes below the total estates' funds.

No substantial dispute exists as to the facts. Margarette Lucia Stitt died testate May 4, 1934, at Alpha, in Henry County, naming Carl A. Melin as executor. By her will she made certain cash bequests, disposed of certain items of personalty, devised her home and all its furnishings to Dr. and Mrs. N. A. N. Cleven, of Pittsburgh, Pennsylvania, recited she left nothing to her brothers due to their injustices, and named the Methodist Episcopal Church of Alpha as residuary legatee. In November, 1949, at the request of the Committee on Inquiry, respondent set up a separate bank account for the estate funds.

The will of Henry A. Stephenson was admitted to probate in April, 1943, naming respondent as executor. In June, 1943, as executor, respondent sold the property as he was authorized to do under the will. The son, Franklin Stephenson, objected to the sale of the land. The sale price was $11,300 on a contract, with $2500 down and the balance at interest on time, the final payment being made October, 1947.

Respondent testified that he did not think his bank accounts ever fell below the total of the estates' funds, and offered to bring in bank statements. He later reported he was unable to obtain the bank deposit slips, and that he did not request copies of the bank ledgers. He admitted that there were times when he did not have sufficient funds in the banks to take care of the total of the two estates. No financial loss was sustained, however, by either estate.

After respondent's admission to the bar he practiced in Springfield for five years and in 1910 went to Cambridge, in Henry County. There he lives and engages in the prac-

tice of law. The president of the Henry County Bar Association and seven other prominent and leading attorneys of Henry County, most of whom were well acquainted with respondent during his career as a lawyer in Henry County, testified to his good reputation. The testimony as to the good reputation of respondent cannot be ignored (*In re Feldman,* 373 Ill. 563,) but it is not sufficient to overcome any positive facts evidenced by the record. (*In re Harris,* 383 Ill. 336.) It is only to be considered with all the other facts of the case.

It is shown by the record that the respondent did commingle the funds of the estates in his own personal bank accounts. No law requires that an executor of an estate keep the funds belonging to an estate separate and distinct from his own funds. (*Mayer* v. *McCracken,* 245 Ill. 551.) However, respondent failed to bring in records of his bank accounts and admitted that at times the total funds available were less than the total estates' funds. It is thus evident that respondent used some of the estates' funds for purposes other than estate obligations. It is indeed unfortunate that the records of accounts in more detail were not produced so as to determine the frequency of such occurrence and the amount of the deficiency existing each time. Nothing is more certain than the fact that a clear case of conversion by an attorney of money belonging to another amounts to "moral turpitude sufficient to merit disbarment." (*In re Rieger,* 402 Ill. 483; *In re Koptik,* 406 Ill. 141; *In re Roth,* 398 Ill. 131; *In re Both,* 376 Ill. 177.) It is true that in this case no specific intent to so convert the funds of the estates is shown, but still the fact remains that the funds were commingled and, either knowingly or negligently, (we know not which,) estate funds were used by the respondent. The failure of the respondent to furnish a more detailed record of his bank accounts, coupled with his weak reasons for his failure to do so, plus his failure to give explanation of the uses to

which he put the funds, leave the court no alternative but to find that the charges of count III are supported by the record.

Respondent admits he did not file an inventory or executors' report in the Stitt estate for fifteen years. His only excuse for keeping the estate open for so long was his inability to get a certain claim settled and heard. That claim was one for $1450 known as the Aitkin claim, and for which the decedent's brother was agent for collection, and in which the latter had a 50 per cent contingent interest. Harry Stitt, the brother, and a moving party in this proceeding, did raise certain obstacles to a hearing on the claim. The record, however, fails to show a diligent effort on the part of the respondent to get a final determination. Even so, nothing hindered the respondent from filing an inventory.

The Stephenson estate was held open for six years before final distribution was made, giving rise to further evidence of neglect by respondent. There is a conflict of testimony between the respondent and Franklin Stephenson, an heir, as to the cause of the delay. Coupled with the record of his actions in the Stitt estate, further weight is, however, added to the charges of the complaint.

The letters received from Dr. N. A. N. Cleven relating to certain details of the case, and accusing respondent of improper conduct cannot be considered by this court in arriving at its decision. A disbarment proceeding is of a civil character, the hearing is judicial and must be governed by the same rules as to competency of the evidence which apply in other cases to questions of fact. (*In re Needham,* 364 Ill. 65.) These letters are clearly hearsay and as such were not properly admitted in evidence.

It is generally stated that proof of carelessness or mistaken judgment is not sufficient for disbarment. (*In re Hallmann,* 384 Ill. 325; *In re Smith,* 365 Ill. 11.) Con-

sidering all the facts evidenced by the record, the respondent was not merely careless or in the exercise of mistaken judgment, but was in all respects grossly negligent, if not actually motivated by improper purposes and his conduct cannot be condoned. "An attorney is an officer of the court, sworn to aid in the administration of justice, and to act in good faith in all legal matters. His clients, the court and the public alike, have a vital interest in his integrity and are entitled to require that he shun even the appearance of any fraudulent design or purpose." (*In re Ellis*, 371 Ill. 113; *In re Wall*, 407 Ill. 484.) Certainly, respondent is guilty of unprofessional conduct tending to defeat the administration of justice and to bring the courts and the profession of law into disrepute. We do, therefore, severely reprimand and censure respondent.

Respondent's actions which are here questioned were performed as an executor of estates. However, it is not necessary that his acts be strictly in the discharge of professional duties. Any act which evidences want of professional or personal honesty, such as renders him unworthy of public confidence affords sufficient grounds for disbarment. *People ex rel. Chicago Bar Ass'n* v. *Meyerovitz*, 278 Ill. 356; *In re Sanitary District Attorneys*, 351 Ill. 206.

No recommendation is before us that Carl A. Melin be disbarred. It is only recommended that he be suspended. On the record before us we would not be disposed to strike his name from the roll of attorneys. The committee did not feel that his actions merited disbarment, and the Board of Governors felt that on the basis of the record the recommended suspension should be reduced. Accordingly we suspend the respondent from the practice of law in this State for three months.

*Respondent censured and suspended.*