(No. 47209.—

*In re* ALLAN G. SHERMAN, an Attorney, Respondent.

*Opinion filed May 19, 1975.*

Mary M. Conrad, of Chicago (Philip Schickedanz, of counsel), for the administrator of the Attorney Registration and Disciplinary Commission.

George B. Collins, of Chicago, for respondent.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is a disciplinary proceeding pursuant to Supreme Court Rule 751 (55 Ill.2d R. 751) against respondent, Allan G. Sherman, for commingling and conversion of a client's funds. It was recommended that respondent be suspended from the practice of law, and he contests the propriety of this sanction.

In 1968 respondent was retained by Lucy Smith to represent her in legal matters involving buildings which she owned and in the sale of certain real estate. Upon the closing of the real estate transaction, $5,500 was entrusted to respondent as escrow holder to be disbursed at the completion of specified conditions and the authorization of the buyer's attorney. Having no separate escrow account, respondent deposited these funds in his personal checking account. In February, 1969, respondent was authorized to disburse the funds, remitting $3,700 to Mrs. Smith but retaining $500 as his agreed fee, and, in addition thereto, $1,300 as fees which he claimed were owed to him for other services.

As a result of a disagreement with regard to other matters, Mrs. Smith complained to the Chicago Bar Association in the fall of 1969, charging that respondent had improperly retained part of the escrow funds. Subsequently, the complaint was referred to the Inquiry Committee of the bar association. On three occasions during the ensuing investigation, respondent represented in his correspondence to the bar association that he had disbursed all of the escrowed funds except for his $500 fee. In fact, he had not paid the remaining $1,300, and did not do so until 1973, over two years after the bar association began its investigation.

Later the complaint was transferred to the Attorney Registration and Disciplinary Commission which, at that time, had been authorized to conduct these proceedings, and the matter was submitted to the Hearing Board.

Respondent admitted he had deposited the escrow funds in his personal checking account, and that during the period he held the funds, his account was overdrawn on some occasions. In mitigation of his actions, respondent explained that at all times during this period he possessed other assets of value in excess of the escrowed sum and was sufficiently solvent to disburse the funds. Respondent testified that when he remitted the $3,700 to Mrs. Smith, he also submitted a bill to her for the services he had rendered in the real estate sale and in other matters. This bill, he maintained, showed deductions for his fees of $500 and $1,300. She made no complaint concerning his action at that time, and it was not until their later disagreement over an unrelated matter that she questioned his retention of the money. Respondent said that, after the complaint was made to the bar association, he then realized that withholding the fees from an escrow fund under the circumstances was improper. He, therefore, paid all sums due and owing to Mrs. Smith.

Respondent stated that his letters to the bar association were not intended to be misleading by their implication that his only deduction from the escrowed funds was $500. He asserted that his references in the letters to paying the balance of the funds were based upon the "write-off" of the fees owed to him. He did concede, however, that his correspondence could be clearly misinterpreted in its meaning.

The attorney-client relationship between respondent and Mrs. Smith continued for some time after the complaint was made to the bar association, until respondent was forced to withdraw for nonpayment of fees. Except for the $500 fee he received for the real estate sale, he was never paid for any other services rendered on Mrs. Smith's behalf or for court costs he expended in handling her numerous legal affairs.

Mrs. Smith denied that she ever received any bill or that she ever agreed to respondent's retention of $1,300 as

fees for handling other matters. It was her understanding that respondent was to be paid "as we went along." At the hearing she testified that she did not know the reason for respondent's withdrawal as her attorney.

The Hearing Board of the Commission found that respondent had "technically" commingled and converted a client's funds, and had misled the Committee on Inquiry of the Chicago Bar Association at the time the latter had instituted an investigation of the complaint against him. The Hearing Board recommended that respondent be censured. During oral argument before the Review Board, on the recommendation of the Hearing Board, the administrator of the Attorney Registration and Disciplinary Commission suggested that under the particular facts of this case, censure would be the appropriate sanction. The Review Board, however, found that respondent's misconduct was "actual" rather than "technical" and recommended that he be suspended from the practice of law for a period of one year and until further order of the court.

Consideration will be given to the reports and recommendations of the Hearing Board and the Review Board, but "the ultimate responsibility for determining and imposing discipline rests with this court." (*In re Wyatt,* 53 Ill.2d 44, 45.) While respondent did not pay the funds to Mrs. Smith promptly, there is no question raised that the full amount was not remitted to her, and she ultimately suffered no financial loss. This does not excuse his improper action. However, there is no contention that respondent did not render more than adequate legal representation on her behalf. We are further mindful of the six-year period this matter has been pending and the fact that during almost 20 years of his legal career respondent has evidenced no other unprofessional conduct. Having reviewed the record, we are of the opinion that the proper sanction is censure.

*Respondent censured.*