(No. 55231.—

*In re* HERMAN FELDMAN, Attorney, Respondent.

*Opinion filed January 21, 1982.*

Charles S. Morgan, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

George B. Collins, of Collins & Amos, of Chicago, for respondent.

JUSTICE MORAN delivered the opinion of the court:

The Administrator of the Attorney Registration and Disciplinary Commission filed a complaint charging respondent, Herman Feldman, with professional misconduct. The Hearing Board recommended that he be suspended from the practice of law for one year. The Administrator filed exceptions with the Review Board, suggesting that respondent be suspended for two years and until further order of court. The Review Board filed a report in which it recommended that respondent be disbarred.

The issue to be determined is what, if any, sanction should be imposed under the circumstances of this case.

The facts are not in dispute. Respondent has been a sole practitioner in the general field of law for approximately 32 years. In 1974 and 1975, he served as administrator of the Koleff estate. While acting in that capacity, he converted estate money to fund a personal real estate transaction. The sum converted is not disclosed in the record. The investment eventually failed, and respondent was unable to repay the estate.

Subsequently, respondent was retained as the attorney for Genevive Michalski, the administrator for the estate of Theodore Ziemba. In 1979, he forged his client's signature on at least nine checks, totaling approximately $29,400. Respondent converted these funds in order to repay the existing shortage in the Koleff estate, so as to permit the

closing of that estate. However, he advised Mrs. Michalski that the funds had been deposited in an interest-bearing savings account, pursuant to her directions. When she discovered the defalcations she confronted the respondent, who admitted that he wrongfully signed her name to the checks. He subsequently obtained a loan, the proceeds of which were used to repay, without interest, the Ziemba estate. The loan was procured prior to the instant disciplinary hearing.

Mrs. Michalski reported the matter to the Administrator's office. A copy of the complaint was forwarded to the respondent, and he initially denied the charges. At the hearing, however, he admitted his guilt.

Respondent, by his own admissions, converted funds from two estates for his own personal use and benefit. It has been held that the wrongful conversion of funds is "an act involving moral turpitude, and, in the absence of mitigating circumstances, such conversion is a gross violation of the attorney's oath, calling for the attorney's disbarment." (*In re Stillo* (1977), 68 Ill. 2d 49, 54.) Adverse circumstances, whether emotional or financial, will not absolve the attorney. *In re Smith* (1976), 63 Ill. 2d 250, 255.

Respondent concedes that discipline is warranted, but suggests that suspension from the practice of law for one year is appropriate. This is the sanction recommended by the Hearing Board, which he asserts is entitled to great weight.

A hearing panel's recommendation is accorded substantially the same weight as that of any trier of fact with respect to the resolution of factual matters. (*In re Hopper* (1981), 85 Ill. 2d 318, 323.) However, the facts in this case are not controverted. Therefore, there is no question with respect to the witnesses' credibility, or whether in fact respondent is guilty as charged. As noted earlier, respondent has admitted his guilt. The only issue concerns the sanction to be imposed, and "when it comes to imposing

discipline, the final responsibility rests with this court." (85 Ill. 2d 318, 323; *In re Sherman* (1975), 60 Ill. 2d 590, 593.) Further, where the factual issues are undisputed, the Review Board is as capable as the hearing panel of assessing and recommending appropriate discipline. Therefore, its recommendation that respondent be disbarred is also entitled to consideration. See 85 Ill. 2d 318, 323.

When disciplinary action is warranted, the sanctions which may be imposed include censure, suspension and disbarment. In determining the proper sanction each case is considered unique, and the court must look to all the facts and circumstances. Nevertheless, where the facts are similar to those in other cases, a uniform standard of discipline should be sought. *In re Clayter* (1980), 78 Ill. 2d 276, 283.

The conversion of funds is conduct which involves a grievous departure from an attorney's ethical obligations. "'Other offenses might be excused, but conversion to his own use of the property of his client is an offense that cannot in any degree be countenanced.'" (*In re Stillo* (1977), 68 Ill. 2d 49, 54, quoting *People ex rel. Black v. Smith* (1919), 290 Ill. 241, 251.) Such misconduct manifests a serious breach of trust, and "tends to defeat the administration of justice and to bring the legal profession into disrepute." (*In re Fumo* (1972), 52 Ill. 2d 307, 311.) For these reasons, there is no question that the offense of conversion is sufficient to justify disbarment. (*E.g., In re Stillo* (1977), 68 Ill. 2d 49; see *In re Snitoff* (1972), 53 Ill. 2d 50.) This sanction has been imposed in situations involving similar or less flagrant misconduct than that found in the instant case.

In *In re Stillo* (1977), 68 Ill. 2d 49, a complaint was filed against respondent in which he was charged, in count I, with failing to repay $10,000 borrowed from a client. Count II alleged that respondent converted another client's funds, in that he settled her claim for $1,350 and failed to submit to her the proceeds of the settlement. Instead, he forged her endorsement on the check and subsequently deposited it in

his own bank account. Following an investigation by the Inquiry Board, respondent paid his client the settlement amount, plus $150 in interest for the delay in payment. This court adopted the recommendations of the Review Board and ordered that respondent be disbarred.

The amount converted in *Stillo* was far less than the sum involved in the instant case. Further, the attorney had converted funds on only one occasion. In the case at bar, respondent forged one client's signature on at least nine checks, and had previously converted the estate funds of a different client.

In *In re Smith* (1976), 63 Ill. 2d 250, respondent settled his client's case for $69,000, and, with his client's consent, deposited the entire amount in his own personal bank account. Subsequently, and without authorization, respondent used the funds for his personal benefit. Only $9,000 of the proceeds were forwarded to his client. He refused to turn over the remaining settlement proceeds until the commencement of the disciplinary proceedings, at which time he repaid his client in full. Despite respondent's assertions of mitigating circumstances, and the fact that he extracted money from only one client, this court ordered that respondent be disbarred. It found this sanction necessary "to safeguard the public, maintain the integrity of the legal profession and to protect the administration of justice from reproach." See 63 Ill. 2d 250, 256.

In *In re Snitoff* (1972), 53 Ill. 2d 50, respondent in five instances drew worthless checks in favor of certain clients, presenting such checks as proceeds from personal injury settlements. In another instance, he failed to remit the full amount to which the client was entitled. Further, respondent commingled a client's money with his own, and failed to promptly account for the amount due. Although the court recognized that the amounts involved "were relatively modest" (53 Ill. 2d 50, 54), it nevertheless held that a judgment of disbarment was warranted. As in the case at

bar, the respondent "unprofessionally preferred his own affairs above those of clients, to whom he owed an unqualified fidelity and candor." 53 Ill. 2d 50, 54-55.

Respondent asserts that, due to mitigating circumstances, disbarment is not justified in this case. He emphasizes that this is the first instance in which he has been charged with professional misconduct. However, the wrong committed does not constitute an isolated incident. Rather, respondent has manifested a pattern of behavior which clearly tends to bring the legal profession into disrepute. Nor are we persuaded by the fact that he made full restitution of the funds converted, albeit without interest. It has been consistently held that restitution will not excuse the improper conduct. (*E.g., In re Sherman* (1975), 60 Ill. 2d 590, 593.) Respondent further points out that witnesses attested to his good character and trustworthiness. This evidence may be considered along with the other facts of the case, "but it is not sufficient to overcome any positive facts evidenced by the record." (*In re Melin* (1951), 410 Ill. 332, 335.) Finally, although respondent admitted his guilt during the hearing, the evidence was such that he could not seriously deny the charges, as he initially did.

In comporting with the requirements of fundamental fairness (*In re Costigan* (1976), 63 Ill. 2d 230, 236), we have balanced these circumstances against defendant's flagrant violations of his professional duty. We hold that, in adhering to a uniform standard of discipline, the facts of this case justify an order of disbarment. This sanction is particularly warranted since the conversion and fraud involved were intentional and consisted of a series of improper acts over an extended period of time. (*In re Fumo* (1972), 52 Ill. 2d 307, 310.) "We cannot permit this respondent to continue the practice of law, and thus invite the public to retain the purported services of one to whom the common obligations of his profession mean so little." *In re Clark* (1956), 8 Ill. 2d 314, 321.

14

Accordingly, it is ordered that respondent be disbarred from the practice of law.

*Respondent disbarred.*