(No. 60551.

*In re* BARRY M. PASS, Attorney, Respondent.

*Opinion filed February 6, 1985.*

Deborah M. Kennedy, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

No appearance for respondent.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On November 12, 1982, the Administrator of the Attorney Registration and Disciplinary Commission filed a two-count complaint against respondent, Barry M. Pass, who was admitted to the practice of law on November 15, 1971. A panel of the Hearing Board recommended that respondent be disbarred and respondent filed exceptions. The Review Board recommended that respondent be suspended for a period of two years. On June 28, 1984, the Administrator filed a motion in this court to approve and confirm the report and recommendation of the Review Board. The motion was denied and a briefing schedule was ordered. Respondent did not appear or file

a brief in this court, and the cause was taken on the record, the Administrator's brief and argument.

In count I of the complaint it was alleged that David J. Progar retained respondent to handle a divorce; that at that time or shortly thereafter respondent agreed to handle the sale of the marital residence of the parties; that respondent filed a petition for dissolution of marriage on behalf of David J. Progar; that shortly thereafter a contract was entered into for the sale of the residential property, and the parties were divorced; that the proceeds of the sale in the amount of $16,940.48 were paid over to respondent, of which respondent was to retain an escrow of $1,000 relative to a claim by the purchasers that the removal of shelves had resulted in damage to the premises. The funds received by respondent were placed in his escrow account in the Suburban Bank of Hoffman-Schaumburg.

Shortly thereafter the controversy for which the escrow was created was settled and respondent delivered a check for $100 to the purchasers. Of the $900 retained, $400 was to be paid to Mr. Progar and $500 was to be paid to his former wife. The money was not paid to the Progars, and at various times the balance in respondent's account was less than the amount due them.

In count II of the complaint it was alleged that respondent failed to respond to letters received from David Progar regarding the disbursement of the funds, failed to account for the funds, and failed to respond to an inquiry from the Attorney Registration and Disciplinary Commission regarding the matter. In response to a *subpoena duces tecum* respondent appeared before a panel of the Inquiry Board, but he thereafter ignored letters requesting additional information. It is alleged in the complaint that respondent's conduct constitutes (a) conversion of client's funds, (b) failure to maintain complete records of funds as required by Rule 9—102(c)(3) of

the Code of Professional Responsibility (87 Ill. 2d R. 9—102(c)(3)), (c) failure to promptly pay and deliver funds of a client in his possession as required by Rule 9—102(c)(4) (87 Ill. 2d R. 9—102(c)(4)), and (d) failure to cooperate with an investigation by the Administrator and the Inquiry Board, and is prejudicial to the proper administration of justice.

Respondent failed to appear at the hearing set before the Hearing Board, and the Board found that the Administrator had proved the misconduct alleged and recommended that respondent be disbarred. Although it does not appear in the record, it is asserted in his brief before the Review Board that on October 15, 1983, respondent paid $400 to Mr. Progar. Apparently the $500 due Mrs. Progar has not been paid. Following argument, the Review Board modified the recommendation of disbarment and recommended that respondent be suspended from the practice of law for a period of two years. Respondent filed no exceptions to the report, and the Administrator filed a motion in this court to approve and confirm the report of the Review Board.

While this matter was pending before this court, the Administrator filed a motion requesting that the court order that the suspension imposed continue until further order of the court. In the motion it is alleged that there are a number of matters pending before the Disciplinary Commission which demonstrate a continuing pattern of respondent's improperly handling clients' funds and neglecting matters entrusted to him. The Administrator asserts that this conduct demonstrates a continuing character defect and respondent's lack of fitness to practice law. The records of this court reflect that on October 4, 1984, because of failure to comply with a rule to show cause, respondent was suspended from the practice of law until the further order of the court.

Conversion of a client's funds involves moral turpi-

tude and is a flagrant violation of an attorney's duties. (*In re Abbamonto* (1960), 19 Ill. 2d 93.) As the court said in *In re Stillo* (1977), 68 Ill. 2d 49, 54, " 'Other offenses might be excused, but conversion to his own use of the property of his client is an offense that cannot in any degree be countenanced.' [Citation.]" A single act of conversion or misappropriation of a client's funds may justify disbarment. *In re Smith* (1979), 75 Ill. 2d 134, 142.

In *In re Feldman* (1982), 89 Ill. 2d 7, the court said:

"When disciplinary action is warranted, the sanctions which may be imposed include censure, suspension and disbarment. In determining the proper sanction each case is considered unique, and the court must look to all the facts and circumstances. Nevertheless, where the facts are similar to those in other cases, a uniform standard of discipline should be sought. *In re Clayter* (1980), 78 Ill. 2d 276, 283." 89 Ill. 2d 7, 11.

In *In re Brody* (1976), 65 Ill. 2d 152, in order to secure an undertaking of the seller, the respondent retained $500 from the proceeds of the sale of a currency exchange. He deposited the $500 into his personal checking account, thus commingling the money with his personal funds. He failed to return the money to his client after being requested to do so. The client then filed a complaint with the Commission. Brody failed to respond to the Commission's inquiries, made no written response to the complaint, and failed to appear and make an oral statement to the Inquiry Board. He did not pay the money to his client until after the Review Board had made its report. The hearing panel recommended a one-year suspension, which was approved by the Review Board and ordered by this court.

Respondent has filed no brief before this court. In his motion to increase discipline, the Administrator has enumerated additional complaints, voted by the Inquiry Board, to which respondent has made no response. The

Administrator has also noted that there are under investigation four additional complaints to which respondent has not responded, and several matters concerning which respondent failed to appear and produce items specified in a *subpoena duces tecum*. These complaints indicate continued commingling of clients' funds and disregard of professional obligations to clients. Respondent's actions also demonstrate disregard for the authority and process of the Attorney Registration and Disciplinary Commission.

It is obvious that respondent's conduct in this case is not an isolated occurrence as was the conduct complained of in *Brody*. Respondent's conduct presents a serious breach of professional responsibility and serves to undermine the public trust and confidence in the legal profession. We conclude, therefore, that a two-year suspension with no showing of rehabilitation prior to its termination will not adequately protect the public and the integrity of the profession.

The motion to increase discipline is allowed. For the reasons stated, the respondent is suspended from the practice of law for two years and until further order of this court.

*Respondent suspended.*